HON. JAMES BARRETT,
HON. WILLIAM C. WILSON,  } ASSISTANT JUDGES.
HON. BENJAMIN H. STEELE,

---

DUDLEY TAFT *v.* DANIEL TAFT AND LAURA TAFT HIS WIFE.

*Threatening Letter. Damages.*

To warrant an action against one for writing a letter giving information wilfully false, and with the malicious design of annoying the plaintiff, and frightening him out of town, the loss or inconvenience sustained must be the direct and reasonable result of the letter and of a reliance upon it, and must consist of something more than mental suffering or annoyance. The letter in this case would justify neither anxiety nor expense.

THIS was an action on the case. The letter referred to in the opinion of the court, which the declaration alleged was written by the defendant, Laura Taft, and sent to the plaintiff with the unlawful, wicked and malicious intent to frighten the plaintiff and his family, and to cause them to fear and believe that the soldiers in the army

Taft *v.* Taft et ux.

would burn his buildings and murder him or some of his family, and to compel him to avoid the burning of his building and the murder of himself, or some of his family, to remove from the town of Barre, where he lived and owned a farm, to some distant place, was as follows :

"MONTPELIER HOSTIPLE, Dec. 24th.

" Mr. Dudley Taft I surpos you can remember when your son "George was arested and put in jail. Thare was two more boys "taken at the same time, and put in jail with your son. You son "roate to you that those boys were a goin to git away at such a "time, and through your means it was reported to the jailor, and tha "were all put in irons. Those boys roate to their friends soldiers "to have revenge on him and tha have. He was wounded in the "battle of the Wilderness by one of his own compney, and now tha "say thay will have revenge on you. You felt bad to have your son "reported, but you are vary willint to report others. You strike one "soldier, you tuch them all. I should advis you and you family not "to be out after dark. Tha say tha will have revenge on you and "family, if it is not this ten years. I tremble for you and family. "One sayes he will lay your bilding in ashes. Perhaps you had "beter leave thease parts. Your son said he felt bad to think he "broat sutch a disgrace upon his parents and brothers, and wish he "had live beter so as to meet his friends in heven. I knelt twise at "his dien bed and prayde that he mite be for given. I with hold "my name for if my friend soldiers knew that I had inform you of "you dangar, they would put me under the sods less than no time. "Tha hav cause you son be put under the sods, and tha will you or "some of you family. Be vary causious how you keep travlers "over night, and say tha are after worke. This war will cause "grate meny harts to bleede."          "A SOLDIER FRIEND."

And the plaintiff further averred that all the pretended facts set forth in said letter are wholly false, and were known to be false by the said Laura Taft at the time she wrote said letter and deposited the same in the post office, etc.     *     *     *     *     *

And that he received said letter, etc., read the same and showed it to his family; "and by reason thereof the plaintiff and his family became and were greatly frightened by the contents of said letter, and were led to believe and did believe that their son had been killed by his own company out of revenge, and that there was a conspiracy among the soldiers at the hospital at Montpelier, and others, to burn the plaintiff's buildings and murder the plaintiff or some of his family. And the plaintiff and his family suffered great pain of mind in consequence thereof, and the plaintiff for a long time could not sleep nights on account of fear of the soldiers burning his buildings and murdering him and his family, and was put to great trouble and expense in trying to ascertain whether such conspiracy existed among the soldiers, and in finding the author of said letter, to wit: twenty dollars in expenses and two months time of the plaintiff, of the value of one hundred dollars."

The defendants filed a general and special demurrer to the declaration, and the case was heard on the demurrer at the September Term, 1866, KELLOGG, J., presiding, and the court decided that the declaration was insufficient, and that the defendants were entitled to judgment in their favor on the demurrer, and accordingly rendered judgment in favor of the defendants,—to which decision and judgment the plaintiff excepted.

*Wing & Lund*, for the plaintiff, maintained that the facts set forth in the writ constitute a good cause of action, and cited *Griffin* v. *Farewell*, 20 Vt. 151; *Shelden* v. *Fairfax*, 21 Vt. 102; *Perley* v- *Framer*, 3 Term, 44; *Longrage* v. *Lary*, 2 Mason & Wellesby, 519.

Menace alone, without a consequential inconvenience, makes not the injury. But to complete the wrong there must be both of them together.

The remedy for this is in pecuniary damages to be recovered by action of trespass *vi et armis*. 3 Black. Com. 120; *State* v. *Benedict*, 11 Vt. 236, pp. 237 and 239; 1 Swift's Dig. 477; Referring to Black. Com. 120; 2 Bouvier's Law Dictionary, 155, Title, menace; 1 Chitty's Pl. 197, citing Blackstone.

If the facts set forth in the writ and letter were calculated to

frighten people of ordinary firmness, then the plaintiff is entitled to recover such damages as a jury shall award.

*L. C. Wheelock,* for the defendants, maintained that the action is unknown to the common law, and our statute makes no provision for such a proceeding, and cited Gen. Stat., ch. 112, § 27 ; Russell on Crimes, p. 717.

But if the writing of the letter was unlawful, the plaintiff's declaration is insufficient to warrant a judgment in his favor. Stephen on Pl. p. 302. ⎤

The opinion of the court was delivered by

STEELE, J. The anonymous letter complained of purports to inform the plaintiff of a conspiracy against him, and to put him on his guard against it. By the demurrer it is conceded that the female defendant wrote the letter, and that the information was wilfully false, and given with a malicious design to annoy the plaintiff and frighten him out of town. That such damage might occur by reason of a false communication of this *nature* as would justify an action is not to be questioned, but to warrant an action the loss or inconvenience sustained must be the direct and reasonable result of the letter, and of a reliance upon it, and must consist of something more than mental suffering or annoyance. The damages, which the plaintiff here alleges, are in substance, first, for his annoyance at receiving such a letter, and secondly, for his trouble and expense in discovering its authorship, and exposing its falsehood. We do not think there was anything in this very shallow anonymous communication reasonably calculated to justify the plaintiff in either anxiety or expense ; and in the light of all the allegations in the declaration it is clear that whatever anxiety or expense he incurred must have arisen from other causes than any reliance upon the letter.

The curiosity to discover the author, and the disposition to expose the imposition, was perhaps quite natural, but the expense and loss of time incurred thereby cannot be the subject of an action.

Judgment affirmed.