ELLEN M. GRIMES *v.* JAMES A. GATES AND LUCY M. GATES.*

### *Pleading. Threatening Letters.*

Threats of bodily hurt which occasion such interruption or inconvenience as to produce pecuniary damage, are actionable. A mere vain fear is not sufficient; it must be founded upon an adequate threat.

A count which only alleges that the defendant threatened the plaintiff *with great injury,* without any allegation of accompanying circumstances known to the defendant, which would render the plaintiff less able to withstand such threat than persons of ordinary firmness, is not sufficient.

A count which alleges that the defendant, intending to frighten, terrify, and injure the plaintiff, threatened to imprison the plaintiff, or to cause the plaintiff to be impris-

---

*This case was decided February term, 1873.

oned, and that by means thereof the plaintiff was frightened, terrified, and made sick, and rendered unable to attend to her usual business, and perform her usual work, and was thereby put to great expense, and made to suffer loss,—is sufficient. In case for threats made by letter, it is not necessary to set out the words in which the threats were made, but only the substance of the threat.

CASE. The declaration contained five counts. The first count alleged that the defendants, with intent to injure, frighten, and terrify the plaintiff, without any reasonable or probable cause whatever, "did wrongfully and maliciously write, compose, and send to the plaintiff, a letter containing wicked, scandalous, and threatening matter, therein using wicked and scandalizing language concerning the plaintiff, and did therein use threatening language to the plaintiff, and did threaten her with great injury"; and averred that the plaintiff received said letter, and that by means of the premises, she was greatly frightened, terrified, and injured, and thereby suffered great loss ; that at the time she received the same she was with child, and that by reason of the wicked, scandalous, and threatening matter therein contained, she was made sick for a long time, and confined to her bed, and put to great expense, and rendered unable to attend to her usual business, and perform her usual work. The second count alleged that the defendants, with like intent, "did wrongfully and maliciously write, compose, and send to the plaintiff a certain other letter, containing other wicked, scandalous, and threatening matter, therein using other wicked and scandalizing language concerning the plaintiff, and did therein threaten to have the plaintiff arrested and imprisoned in the state prison, and to accuse the plaintiff of crimes punishable by imprisonment, and did threaten her with great injury";· with the same averment contained in the first count. The third and fourth counts were substantially like the second. The fifth count alleged that the defendants, with like intent, "did wrongfully write, compose, and send to one Joseph K. Grimes, a letter containing wicked, threatening, and menacing matter concerning the plaintiff, therein threatening and menacing the plaintiff with great injuries, and that they the defendants would accuse the plaintiff of the crime of adultery, and that they the defendants would have the plaintiff arrested, and imprisoned in the state

prison, and that they the defendants would take measures, by accusing the plaintiff of crime, to have the plaintiff imprisoned in the state prison, and did in said last mentioned letter, request the said Grimes to read the same to the plaintiff"; with an averment that said Grimes did read the same to the plaintiff, and with other averments as in the other counts.    General demurrer to the declaration, and joinder.

The court, at the December term, 1872, Barrett, J., presiding, sustained the demurrer, *pro forma*, and adjudged the declaration insufficient, and rendered judgment for the defendants.; to which the plaintiff excepted.

*J. N. Edminster*, for the plaintiff.

It is sufficient, generally, to state torts in substance.   1 Chit. Pl. 380.   A declaration would be sufficient to merely allege that the defendants had " sent a threatening letter," or " did threaten the plaintiff."   And this declaration does in substance so allege. In pleading, things are stated according to their legal effect; the only exception being in libel and slander.   Steph. Pl. 432.   The letters mentioned in this declaration are merely matters of evidence under the general averment that the defendant did threaten the plaintiff.    Matters of evidence are never stated in pleadings. Steph. Pl. 387.

*J. Converse*, for the defendant.

The demurrer was properly sustained by the court below.   There is no precedent for such a declaration.   There is no preamble in the sense of pleading to sustain it or any count in it.   It is an attempt to recover damages for writing letters to the plaintiff, thereby inflicting injuries upon her, without setting forth the letters, or any of them, or any part thereof.   Among all the opprobious epithets that characterize these letters, and the motives that prompted them, it is not alleged that the accusations in them, or any of them, were false.   *South Royalton Bank* v. *Suffolk Bank*, 27 Vt. 505 ; 2 Greenl. Ev. § 453.   Threats of violence are not even an assault.   1 Hilliard Torts, 198, § 5.

Neither the language used in menacing, nor the injuries con-

templated, are set forth, so that the court could see whether the same was menacing, and if so, whether it had a legitimate tendency to produce the injury complained of. This claim for damages is wholly predicated upon language used in letters, and the words must be set forth, so that the court may see whether their legitimate tendency is to produce the injury complained of.

The opinion of the court was delivered by

WHEELER, J. Threats of bodily hurt which occasion such interruption or inconvenience as is a pecuniary damage, are actionable. Not the threats alone, but the threats and consequent damage together. 3 Bl. Com. 120; 2 Com. Dig. Battery, D.; Jacob Law Dic. Tit. Threats; Bouv. Law Dic. Tit. Menace; 1 Swift Dig. 477. The extortion of money or property by means of such threats, is, at common law, indictable. *The Queen* v. *Woodward*, 11 Mod. 137; 6 East. 133, note; 3 Chit Crim. Law, 607. The threats make the cause of action, by producing fear which causes damage; and the crime, by producing fear which compels the giving over of money or property. A mere vain fear is not sufficient. It must be founded upon an adequate threat. Co. Lit. 253 b; *The King* v. *Southerton*, 6 East. 126; *Taft* v. *Taft et ux.* 40 Vt. 229. A threat of imprisonment is a threat of bodily hurt, and would seem to be sufficient. Co. Litt. 253 b; *The King* v. *Southerton, supra.* In declaring for such an injury, the pleader must " shew some just cause of feare, for feare of itself is internall and secret." Co. Litt. 253 b. In indictments for such threats, it is not necessary to set forth the words in which the threats were made, but only the substance of the threat. 3 Chit. Crim. Law, 607. No reason for any greater particularity in civil cases is apparent. In actions for slander, the injury is occasioned wholly by words, and the words must be set forth, so as to show that they were such as would occasion an actionable injury, or no cause of action would be set forth. So in indictments on statutes for sending threatening letters of certain kinds, the letters must be set out, so that they may appear to be such as the statutes were directed against. 2 East. P. C. 1122. The gist of this action is not the use of words to the injury of reputation, nor the writing

of anything prohibited by a particular statute, but is the threatening so as to cause pecuniary damage. It would seem to be sufficient, as to this, to set forth in substance the making of such a threat as would be adequate to the result. The only threat alleged in the first count is, that the defendants did threaten the plaintiff with great injury. This may have meant an injury to property, and not to person, and something remote and fanciful, and not anything direct and tangible. Such allegations are to be taken most strongly against the pleader. Such threats would not be sufficient to awe persons of ordinary firmness. And the count does not set forth that the defendants knew of any reason why the plaintiff could not withstand as much and as severe threatening as ordinary persons. If there was such a reason that the defendants knew of, and took advantage of, and thereby, and by making the threat alleged, they injured the plaintiff, and all these facts were alleged, the count would, probably, be sufficient. But such facts not being alleged, cannot be presumed to exist. There seems to be a lack of any threat sufficient of itself, and of any threat made sufficient by accompanying circumstances, alleged in this count, to make it sufficient. *Taft* v. *Taft et ux.*, *supra*. In each of the other counts, a threat to imprison the plaintiff, or to cause her to be imprisoned, is distinctly alleged. In each one of all the counts it is alleged that the defendants made the threats intending to frighten, terrify, and injure the plaintiff, and that by means of the threats she was terrified, frightened, and made sick, and rendered unable to attend to her usual business and perform her usual work, and was thereby put to expense and made to suffer loss. These are sufficient allegations of pecuniary damage. *Underhill* v. *Welton*, 32 Vt. 40. All the counts, except the first, seem to set forth sufficient facts when admitted by demurrer or found by a jury, to constitute good ground of recovery.

The *pro-forma* judgment that the declaration was insufficient, is reversed as to all the counts but the first, and the cause is remanded, with leave to the parties to move for amendment or repleader, in the county court.