11316

### J. B. COLT CO. v. KINARD

(119 S. E., 581)

Evidence—Evidence of Oral Representations Inadmissible to Modify Written Sale Contract Though Buyer Was Illiterate.—In an . action on a written contract for the sale of a lighting plant, providing that the written instrument covered all agreements between the parties, and no. agent of seller had made any representations modifying it, evidence of parol representations of seller's agent as to its contents and the liability assumed, *held* inadmissible, though buyer was unable to read or write.

Before PRINCE, J.; Hampton, October, 1921. Affirmed.

Action by J. B. Colt Co. against H. A. Kinard. From a directed verdict for plaintiff the defendant appeals.

*Mr. W. D. Connor,* for appellant, cites: *Allegations of answer appropriate to charge of fraud:* 80 S. E., 438; 9 Enc. Pl. & Pr., 695. *Contract with party who cannot read or write:* 59 S. E., 68. *Signature obtained by fraud not binding:* 50 S .E., 781; 57 S. E., 811; 92 S. E., 92; 110 S. E., 102. *Fraud is for the jury:* 59 S. E., 67; 10 S. C., 949.

*Mr. J. A. Mace* for respondent.

October 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE. WATTS.

This is an appeal from a directed verdict in favor of plaintiff for $221.80, by his Honor, Judge Prince, at Hampton. After entry of judgment defendant appeals. The action was for the alleged contract of purchase of an acetylene lighting plant. The exceptions are as follows:

I. Because his Honor, the presiding Judge, erred in excluding testimony offered by defendant in regard to statements made to him by the agent of plaintiff company at the time of the alleged sale in regard to the liability being

assumed by defendant under the terms of the alleged contract, the defendant having pleaded and proven that he could not read or write, and had relied upon the representations made at that time as to the contents of the alleged contract and the liability assumed by him thereunder; it being respectfully submitted that such testimony was competent under the pleadings, and after defendant had testified that he could not read and write, for the purpose of showing fraud and misrepresentation on the part of the plaintiff through its agent.

II. Because the presiding Judge erred in holding and deciding that any conversation or transactions between the defendant and the agent of the plaintiff company in regard to this transaction, whether or not alleged in the answer, be ruled out; it being respectfully submitted that such testimony was competent to show whether or not, under all of the circumstances of the case such alleged representations on the part of the agent had been falsely and fraudulently made with intent to deceive the defendant, an illiterate man, and induced him to enter into the alleged contract.

III. That his Honor, the presiding Judge, erred in excluding all of defendant's testimony offered to prove the allegations of his answer, and in directing a verdict against the defendant; it being respectfully submitted that such testimony was competent under the issues raised by the pleadings and should have been submitted to the jury for their determination together with all the issues of facts raised by the pleadings.

The exceptions are overruled.

The appellant signed a contract which was forwarded to the respondent, and accepted by them as such, and they shipped to the appellant the acetylene lighting plant. The contract of purchase by Kinard, as purchaser, signed by him and forwarded to respondent, upon which respondent accepted and acted, contained this provision:

"This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below

by one of the officers of said company; it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding to the terms and conditions herein set forth. It is further understood that, upon the acceptance of this order, the contract so made cannot be canceled or revoked by either party, nor may it be altered or modified by any agent of the company, or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers. Payment shall be made only by check, draft, or promissory note drawn to the order of the company. Unless otherwise directed in writing by an officer of the company, the purchaser may deliver any such payments to representative of the company, duly authorized in writing to receive such payments. Any payments not made as above provided shall not, unless actually received by the company, be binding upon it. H. A. Kinard, Purchaser. Brunson,, R. 3, S. C.

"Accepted at New York, N. Y., Sept. 28, '18. J. B. Colt Company, by M. C. Myers."

The Courts enforce contracts, but parties make them. .

Judgment affirmed.