### J. B. COLT CO. v. ROBINSON

#### (135 S. E., 312)

1. EVIDENCE.—In action on note given in payment for lighting plant, testimony of alleged transactions between plaintiff and third persons as to plaintiff's methods of dealing *held* inadmissible.

2. SALES.—Where defense to action on note given in payment for lighting plant was oral misrepresentations of agent before execution of written contract, plaintiff was entitled to directed verdict.

3. EVIDENCE.—Oral statements of agent before execution of written contract are inadmissible to vary written contract.

4. EVIDENCE.—Defendant's statement that she did not remember signing contract and note for lighting plant cannot be construed as denial of execution, in view of identification of signature by experts.

Before MEMMINGER, J., Chester, April, 1925. Reversed and remanded with directions.

Action by the J. B. Colt Company against Alice Robinson. Judgment for defendant and plaintiff appeals.

*Messrs. E. A. Blackwell and R. L. Douglas,* for appellant cite: *Where written contract in terms denies authority of agent to vary it, representations by agent varying written terms not admissible:* 119 S. E., 581. *Agency must be proved:* 129 S. E., 215. *Duty of reading contract before signing:* 123 S. E., 845. *Defendant failed to tender back goods bought:* 126 S. E., 48; 122 S. E., 578; 24 R. C. L.,

575. *Breach of warranty no cause for rescission of executed contract of sale:* 37 S. C., 7; 16 S. E., 192; 35 Cyc., 138.

*Messrs. Glenn & Macaulay,* for respondent.

October, 29 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

An action on a promissory note for $312, dated September 27, 1920. The defendant denied the execution of the note, and alleged that if she did sign the note, or any written contract to purchase a certain carbide lighting plant, pursuant to which the said note was claimed to have been given, she was induced to sign same by fraud and misrepresentation on the part of the plaintiff. The case was tried before his Honor, Judge Memminger, and a jury on April 2, 1925. At the close of the testimony the plaintiff made a motion for a directed verdict, which was denied by the Court. The jury rendered a verdict in favor of the defendant. The plaintiff now comes to this Court on appeal, and by twelve exceptions imputes error in two particulars: (1) Error in admitting the testimony of several of defendant's witnesses; and (2) error in refusing to direct a verdict for the plaintiff.

As to the first ground of error: The testimony complained of, and which was admitted by the Circuit Judge over the objection of the plaintiff, had to do with alleged transactions between the plaintiff and persons other than the defendant in the present case, with reference to the plaintiff's methods of dealing with such persons regarding the sale of lighting plants similar to that sold to the defendant, and to statements alleged to have been made to these persons by agents of the plaintiff during such negotiations. No connection or relationship between these transactions and the transaction alleged to have taken place between the plaintiff and the defendant was shown, and this testimony was clearly inadmissible.

As to the second ground of error: Under the case of *J. B. Colt Co. v. Kinard,* 126 S. C., 205; 119 S. E., 581, we think that a verdict should have been directed for the plaintiff. The terms of the contract in that case were identical with those of the contract in the present case. In that case it was held that a directed verdict was proper, although there were allegations of, and attempts to prove, fraud and misrepresentation on the part of the plaintiff in securing the execution of the contract and note by the defendant, and although the defendant was an illiterate man who could neither read nor write, the Court pointed out that the contract provided that no agent or representative of the company, by any oral statement, could add to or take from the terms of the written contract, and that the contract covered the entire agreement between the purchaser and the company, and held that testimony was not admissible to show statements made by the agent of the company before and at the time of the making of the written agreement, which tended to modify or add to the terms of the written agreement.

In the present case the defendant could read and write and was a woman of some experience in matters of business and was shown to have executed deeds, mortgages, etc. The representations which she claimed to have been made by the agents of the plaintiff were admittedly oral statements made before the written contract was executed and were inadmissible under the *Kinard case,* as tending to vary the terms of the written agreement.

Further, the defendant testified that no statement of the plaintiff's agent induced her to make the purchase of the lighting plant, but that she was induced to do so by the statement of her brother that everything was all right. Even if the testimony contained indications of attempted fraud or misrepresentation on the part of the plaintiff's agents, any such attempts might have been easily detected

MATHESON *v.* AMERICAN T. & T. Co. *et al.* 227

Spring Term, 1926

by the defendant if she had read the contract or had some one read it to her before she signed it. *J. B. Colt Co. v. Britt,* 129 S. C., 226; 123 S. E., 845.

It is true that one of the allegations of the answer 4 denies that the defendant signed the contract and the note, but the testimony does not sustain this allegation. The testimony of the plaintiff is positive and unequivocal to the effect that the defendant executed both the contract and the note, and in addition two expert witnesses, who claimed to be familiar with the defendant's handwriting, swore positively that the signature was hers. The defendant testified that the signature to these papers looked like hers, but that she did not remember signing them. In the face of the positive testimony adduced by the plaintiff on this point, this statement of the defendant cannot be taken or construed as a denial of the execution of the note and contract by her.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, with directions that judgment be entered up for the plaintiff under Rule 27 of this Court.

MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.