14883

FLOWERS v. PRICE

(3 S. E. (2d), 38)

*Mr. C. E. Gardner,* for appellant, ▮▮▮▮▮▮▮▮▮▮▮

*Messrs. Samuel Want, James S. Verner* and *Sam Rogol,* for respondent, ▮▮▮▮▮▮▮▮▮▮▮

May 25, 1939.

The opinion of the Court was delivered by MR. PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE.

The primary question raised by this appeal is whether or not the complaint states a cause of action.

The plaintiff-appellant contends that the complaint is appropriate to three grounds of recovery or causes of action, viz.: (1) Fraud and deceit; (2) fraudulent breach of a contract accompanied by a fraudulent act; (3) cursing and abusive language, upon the ground that plaintiff was where he had a right to be and on business which was solicited and invited by defendant.

When the demurrer to the complaint was heard by his Honor, Judge Dennis, he held the complaint to be an action for fraud and deceit and sustained defendant's demurrer thereto. From this order plaintiff appealed.

The material allegations of the complaint are as follows:

That the defendant operates a tobacco warehouse in the Town of Darlington and that on a stated date in August, 1938, the plaintiff carried a part of his tobacco to the defendant's warehouse to be sold and weighed; that the plaintiff discovered that the tobacco of other farmers on the same

occasion was being weighed short; that he thereupon asked that his tobacco be reweighed; that this was done as to a part of the plaintiff's tobacco and that a shortage in the weighing was thus discovered; that the defendant's agent thereupon abused and cursed the plaintiff and told him that if he was not satisfied with the weights to take his damn tobacco out of defendant's warehouse; that the plaintiff then carried his tobacco to another warehouse for sale and at such warehouse it weighed more than ten per cent. more than the defendant had weighed it.

The complaint then alleges certain implied representations that led him to deposit his tobacco in the warehouse of the defendant for sale, and the fraudulency of the same and the consequences to the plaintiff of the alleged false weighing of his tobacco and of the treatment he alleges he received from the defendant's agent.

The conclusion of the complaint is "that by reason of the premises and of the facts herein alleged, and as the direct, natural and proximate result of the fraud and false and fraudulent representations and intent as herein alleged, plaintiff was deceived as alleged and has suffered injury and has been damaged in the sum of Three Thousand ($3,000-.00) Dollars both actual and punitive damages."

Judge Dennis construed the complaint to be an action for fraud and deceit and it does not appear that it was contended before him that the complaint could be construed as stating any other cause of action.

There are three cardinal principles applicable to all demurrers: (1) For the purposes of demurrer, all the allegations of the complaint are admitted; (2) when a complaint is attacked by demurrer, it must always be liberally construed in favor of the plaintiff; (3) if the complaint contains any allegations, which entitle the plaintiff to relief either on the law or the equity side of the Court, then it is not subject to demurrer. *Blassingame v. Greenville County,* 134 S. C., 324, 132 S. E., 616.

When the complaint is considered in its entirety and without the many words and phrases used in a descriptive way, it charges the defendant with short-weighing plaintiff's tobacco. Under Paragraph two of the complaint it is alleged that the defendant was engaged in the business of operating a tobacco warehouse for the sale of leaf tobacco and that defendant solicited the farmers to sell their tobacco with him as is usual with tobacco warehouses. Nowhere in the complaint is it alleged that the defendant was buying plaintiff's tobacco. It is common knowledge in the tobacco belt of South Carolina in which plaintiff lived and in which locality the defendant operated his tobacco warehouse that warehousemen such as the defendant is alleged to be, received farmers' leaf tobacco on their warehouse floors for the purpose of auction sale. It is not alleged in the complaint that the defendant would be benefited by any of the acts complained of, and in logic and reason it is inconceivable that any benefit could possibly accrue to the defendant by short-weighing plaintiff's tobacco.

26 Corpus Juris, page 1062, states that the elements of actionable fraud consist of: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

Applying the test to plaintiff's complaint, it appears fatally defective in stating a cause of action for fraud and deceit.

As an action for fraud and deceit, plaintiff's complaint must stand or fall on its allegations of short weights. Instead of alleging plaintiff's ignorance of the representations made by defendant as to the weight of his tobacco, plaintiff's complaint shows that he discovered the discrepancy in weights. Neither does it appear in the complaint that plaintiff relied upon the representations as to weight, but to the contrary, it shows that he did not rely thereon.

In *Mobley v. Quattlebaum,* 101 S. C., 221, 85 S. E., 585, and in *Whitman v. Seaboard Air Line Ry.,* 107 S. C., 200, 92 S. E., 861, L. R. A., 1917-F, 717, the rule is laid down that one cannot rely upon misstatement of facts, if the truth is easily within his reach.

In the instant case, the truth was certainly within reach of plaintiff, and, therefore, he had no right to rely on representations made. In fact, under the allegations of the complaint, he did not rely thereon, but insisted on having his tobacco reweighed.

There was no error in the holding of the Court that the complaint did not state a cause of action for fraud and deceit.

Judge Dennis construed the complaint as one seeking redress for fraud and deceit. As between an action for fraud and deceit, and one for fraudulent breach of contract accompanied by a fraudulent act, there can be no conjecture as to the construction to be placed upon the complaint. Clearly, it is not an action under the latter classification.

The appellant further contends that the complaint stated a cause of action against the respondent for cursing and abusive language.

The allegations of the complaint in this particular are: "that defendant's agent then abused, cursed and called plaintiff a damn liar, a damn little runt and told him that if he was not satisfied with the weights of his tobacco to take his damn tobacco out of defendant's warehouse." There is no allegation of assault and the language used under the circumstances stated would not be civilly actionable. *Brooker v. Silverthorne,* 111 S. C., 553, 99 S. E., 350, 5 A. L. R., 1283.

All exceptions are overruled and the order of Judge Dennis is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.