**Myrtle L. WIGGINS, Plaintiff,**

v.

**MOSKINS CREDIT CLOTHING STORE,**
**Inc., Defendant.**

Civ. A. No. 5161.

United States District Court
E. D. South Carolina,
Columbia Division.

Feb. 13, 1956.

Robert B. Nance, Columbia, S. C., for plaintiff.

R. K. Wise, A. Birge Wise, Jr., Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

I have for consideration defendant's motion to dismiss this action upon the ground that the complaint does not state any claim upon which relief can be granted.

The complaint alleges substantially the following facts: In May, 1955, an agent of defendant made a telephone call to plaintiff's residence, asking to speak to one of plaintiff's tenants in reference to some debt or account claimed to be owed to defendant by such tenant. Plaintiff refused to call the tenant to the phone and asked the calling party not to call her anymore about the matter. Thereupon, the calling party became abusive and, using vile and opprobrious language, told plaintiff he would call whenever he wished to do so. Thereafter, for a period of approximately three months, agents of defendant continued to annoy and harass plaintiff with similar calls, some of which were made in the late hours of night arousing plaintiff from her sleep. On each occasion, the calling party abused and threatened plaintiff, using vile and opprobrious language unfit for the ears of a lady. These alleged harassments are claimed by plaintiff to have caused her loss of sleep, nervousness, and emotional distress, necessitating the services of a doctor.

Two cases are relied upon by defendant to sustain the motion. Rankin v. Sievern & Knoxville Railroad Co., 1900, 58 S.C. 532, 36 S.E. 997, and Brooker v. Silverthorne, 1919, 111 S.C. 553, 99 S.E. 350, 5 A.L.R. 1283. In the first of these cases, the complaint purported to allege a cause of action for trespass upon plaintiff's land and further alleged that when

plaintiff protested the acts of defendants' agents, one of the said agents cursed and threatened plaintiff and ordered her to " ' "get away from there".' " After holding that the complaint did not allege a cause of action for trespass, the lower court held that the language used by defendants' agent was not actionable against the defendants, first, because the language and conduct of the agent were outside the scope of his employment and second, " ' * * * for the reason that curses and threats, while immoral, are not actionable in law.' " The lower court's holding was affirmed, and its opinion was approved and reported. Only this comment was added concerning the spoken words of the agent: "If the complaint may be treated as one for trespass upon the person, no assault upon the plaintiff is alleged, and mere words, *under the circumstances stated,* would not be civilly actionable." (Emphasis added.)

In Brooker v. Silverthorne, plaintiff, a telephone switchboard operator, recovered a verdict for mental anguish and nervous shock caused by abusive and threatening language addressed to her on a single occasion over the telephone by defendant. Citing Rankin v. Sievern & Knoxville Railroad Co., supra, the Court reversed, holding that the facts presented were not sufficient to make defendant's words actionable. Among other things, the Court said [111 S.C. 553, 99 S.E. 352]:

"* * * Every decision has tacit reference to the facts and circumstances of the case decided. Therefore, when it was said in the Rankin Case that no action would lie for mere threats or abusive words spoken, the court was careful to qualify the statement by confining it to the circumstances stated; for, as we have seen, abusive language addressed to a passenger by a carrier's servants is actionable. And it is not absolutely true that no action will lie for threats. * * * "

Since the year in which Brooker v. Silverthorne was decided (1919), there has been a constant trend among courts throughout the United States to allow recovery for emotional distress resulting from abusive language. See the annotation in 15 A.L.R.2d 108. So pronounced has this feeling been that in 1948, the American Law Institute felt compelled to change its position on the matter. Its original (1934) position as presented in the Restatement of Torts, Section 46 was:

"Except as stated in Sections 21 to 34 and Section 48, conduct which is intended or which though not so intended is likely to cause only a mental or emotional disturbance to another does not subject the actor to liability

"(a) for emotional distress resulting therefrom, or

"(b) for bodily harm unexpectably resulting from such disturbance."

In its 1948 supplement, its position is restated as follows:

"One who, without a privilege to do so, intentionally causes severe emotional distress to another is liable

"(a) for such emotional distress, and

"(b) for bodily harm resulting from it."

On page 616 of the supplement, the reason for the change is stated:

"*Reason for Change:* This is a part of the law of torts in which real developments have occurred in recent years and this development is continuing. The cases which have appeared since 1934 establish that the interest in freedom from severe emotional distress is protected against intentional invasion. * * *

"The change in Section 46 is necessary in order to give an accurate Restatement of the present American law. There is a definite trend today in the United States to give an increasing amount of protection

to the interest in freedom from emotional distress."

In the light of this recent surge of judicial opinion to which the prestige of the American Law Institute has added further weight, it is reasonable to assume that Brooker v. Silverthorne will be narrowly construed in future cases. But see Flowers v. Price, 1939, 190 S.C. 392, 3 S.E.2d 38, involving a young boy who was cursed, where Brooker v. Silverthorne was followed.

Nevertheless, if I felt that Rankin v. Sievern & Knoxville Railroad Co. and Brooker v. Silverthorne were controlling, I would so hold. But there is a distinguishing feature of the instant case that is not present in either of the last mentioned cases. Here, it is alleged that the insulting calls were made repeatedly over a period of time approximating three months in an effort to annoy and harass plaintiff. The complaint thus charged defendant with conduct amounting to a nuisance, constituting an invasion of plaintiff's home and an interference with her right to use and enjoy it. More in point are the cases Jones v. Atlantic Coast Line R. Co., 1917, 108 S.C. 217, 94 S.E. 490; Buchanan v. Western Union Telegraph Co., 1920, 115 S.C. 433, 106 S.E. 159, 18 A.L.R. 1414; and Matheson v. American Telephone & Telegraph Co., 1926, 137 S.C. 227, 135 S.E. 306.

In the Jones case, plaintiff went to defendant's depot to pick up a package of freight. The porter, who was writing a postal card to his wife, ignored plaintiff's repeated requests for the package, and when plaintiff reproached him for it, the porter advanced on plaintiff, cursing him and threatening to kick him out of the depot. A verdict for plaintiff was affirmed, the Court stating that plaintiff was where he had a right to be, and that when he was driven away, his legal right was invaded, as a result of which he was entitled to recover some damages to protect and vindicate his right.

In the Buchanan case, plaintiff's evidence tended to prove the following facts: Plaintiff's husband sent her money via defendant, Western Union Telegraph Company. Defendant's messenger went to plaintiff's home to deliver a check for the money. Plaintiff was alone in her home and, while she was signing a receipt for the check, the messenger made an indecent proposal to her, which frightened, humiliated, and upset plaintiff. At the close of the evidence, the trial judge directed a verdict· for defendant, stating, "'I am rather disposed to think that it is a step that the law ought to take, but it hasn't taken yet.'" The Supreme Court reversed, holding that the question had been settled by the Jones case, saying, "The fact that the defendant undertook to transact its business in the home of the plaintiff, instead of in its own office, makes no difference. Certainly none in favor of the defendant. It is more in keeping with the spirit of the law to protect the homes of the people than railway, express, and telegraph offices."

In the Matheson case, it was alleged that an agent of defendant came to plaintiff's home for the purported purpose of investigating a complaint which plaintiff had made concerning the cutting of shrubbery in plaintiff's yard by some of defendant's employees. After being admitted and finding plaintiff alone, except for a child two years old, the agent cursed and abused plaintiff causing her nervous shock and injury to her health. The trial court's order of nonsuit was reversed. The unanimous opinion of the Court discussed and distinguished two lines of cases (each of which is discussed supra), Rankin v. Sievern & Knoxville Railroad Co. and Brooker v. Silverthorne on the one hand in which recovery for abusive language was denied and Jones v. Atlantic Coast Line R. Co. and Buchanan v. Western Union Telegraph Co., on the other hand, in the first of which, a verdict for plaintiff was upheld and in the second of which, the lower court was reversed for

granting a directed verdict for defendant. The Court concluded [137 S.C. 227, 135 S.E. 312]:

"Comparing, then, the two cases of Rankin and Silverthorne, on the one hand, with the Jones and Buchanan Cases, on the other hand, it appears to us perfectly clear that where there is no invasion of a personal or property right, only abusive language, the rule in the first two cases applies; but when such invasion appears, as in the two last-mentioned cases, the rule declared therein is applied. The facts in the case at bar, as alleged by the plaintiff, and testified to by her, bring this case within the rule of the Jones and Buchanan Cases. Consequently, it is our opinion that the order of nonsuit was improper."

The Court reasoned that from the agent's conduct, a jury might infer that he was a trespasser *ab initio*, having gained admission to plaintiff's home under a pretence of investigating her complaint for the sinister purpose indicated by his conduct.

■■ Applying the rule expressed in the last cited case, if the complaint in the instant case can be construed to allege an invasion of a personal or property right of plaintiff in a manner other than by the mere use of abusive words, then the complaint states a claim which, if proved, will entitle plaintiff to relief. Reading the complaint, I think it is clear that the invasion of a proprietary interest of plaintiff in her home is alleged, by conduct tantamount to a nuisance. Had there been only one call, Brooker v. Silverthorne might have been controlling, but it is alleged that there were repeated calls, despite plaintiff's protests, which amounted to an intrusion into her home and an interference with the peaceful enjoyment thereof. While the South Carolina Supreme Court has not passed upon a case in which the facts were the same as are here alleged, the cases it has passed upon clearly indicate that plaintiff in this case has alleged a good cause of action.

The motion is denied. It is so ordered.