251 S.C. 92 (1968)
160 S.E.2d 528
Julia C. TURNER, Respondent,
v.
A B C JALOUSIE COMPANY OF NORTH CAROLINA, Inc., Appellant.
18774
Supreme Court of South Carolina.
April 1, 1968.
*93 Messrs. Abrams, Bowen & Townes, of Greenville, for Appellant.
*94 Messrs. Hooks & Hooks, of Mullins, for Respondent.
April 1, 1968.
MOSS, Chief Justice.
This is an appeal from an order of the trial judge overruling a demurrer to the first cause of action alleged by the respondent in her complaint.
The first cause of action alleges that one Jim Tumlin, an agent of the appellant corporation, while acting in the course of his employment, visited the home of the respondent and her husband and offered to sell and install aluminum siding on their home at a special sales price of $530.00. It is alleged that Tumlin represented to the respondent and her husband that the siding was made of the best quality of aluminum. The respondent and her husband entered into a written contract with the appellant relying upon said representation wherein and whereby the appellant agreed to deliver and install the siding on their home. It is further alleged that Tumlin returned to the respondent's home approximately one hour after the execution of the contract and told the respondent and her husband that the aluminum siding which he had previously sold them was made of a cheap grade of tin and it would cost approximately $2,800.00 to install quality aluminum siding on their home. It is then alleged that the respondent and her husband refused to enter into a new contract at the increased purchase price and that they told the agent of the appellant that he had misrepresented the quality and texture of said siding which they had contracted to purchase and that because thereof the contract *95 was null and void and they would not allow the appellant to install tin siding on their dwelling. It is then alleged that the said agent immediately became enraged and in a loud and threatening voice, and with vile, profane and abusive language, threatened to bring suit against the respondent and her husband, sell their said dwelling house and throw them and their children into the street.
It is further alleged that as a direct and proximate result of the willful, wanton and malicious conduct of the agent of the appellant that the respondent became greatly frightened and terrified, went into shock, and her nervous system collapsed, necessitating hospital and medical care and treatment, thereby incurring medical expense and since said time has been in a highly nervous state and condition and will continue to suffer in the future from said nervous condition, resulting in loss of time from her employment and inability to perform her duties in the usual manner.
The appellant demurred to the first cause of action on the ground that the allegation as to verbal abuse and cursing was not sufficient to state a civil cause of action there being no allegation of assault. The appellant also moved to strike a portion of the complaint on the ground that such did not allege a threat of physical violence nor that any traumatic injury was received by the respondent. The trial judge considered the demurrer and the motion to strike as raising the same question and treated the motion to strike as a demurrer. The demurrer came on to be heard by The Honorable Clarence E. Singletary, Presiding Judge. He overruled the demurrer and held that the first cause of action contained allegations sufficient to constitute a cause of action. It is from this order that the appellant prosecutes an appeal.
It is elementary that in passing upon a demurrer the court is limited to a consideration of the pleadings under attack. All of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. When a fact is pleaded whatever inferences of law or conclusions of fact that may properly *96 arise from it are to be regarded as embraced in such averment. Sandy Island Corporation v. Ragsdale, 246 S.C. 414, 143 S.E. (2d) 803. Where a demurrer is interposed to a complaint or a motion made to dismiss the same on the ground that it failed to state a cause of action, the complaint must be liberally construed in favor of the pleader, and sustained if the facts alleged, and inferences reasonably deducible therefrom, entitle the plaintiff to relief on any theory of the case. Everett v. White, 245 S.C. 331, 140 S.E. (2d) 582, and Pleasant v. Mathias, 247 S.C. 124, 145 S.E. (2d) 680.
It is the position of the respondent that she has stated a cause of action to recover damages for the physical or bodily injuries which she sustained as a consequence of shock, fright and emotional upset caused by the willful, wanton and malicious conduct of the agent of the appellant by his use of vile, profane and abusive language towards her. She specifically alleges that as a result of the conduct of the appellant "her nervous system collapsed". Such is an allegation of physical or bodily injury.
In Padgett v. Colonial Wholesale Distributing Co., 232 S.C. 593, 103 S.E. (2d) 265, we quoted with approval from the cases therein cited the following:
"* * * It is a matter of general knowledge that an attack of sudden fright, or an exposure to imminent peril, has produced in individuals a complete change in their nervous system, and rendered one who was physically strong and vigorous, weak and timid. Such a result must be regarded as an injury to the body rather than to the mind, even though the mind be at the same time injuriously affected. Whatever may be the influence by which the nervous system is affected, its action under that influence is entirely distinct from the mental process which is set in motion by the brain. The nerves and nerve centers of the body are a part of the physical system, and are not only susceptible of lesion from external causes, but are also liable to be weakened and destroyed from causes primarily *97 acting upon the mind. If these nerves, or the entire nervous system, are thus affected, there is a physical injury thereby produced; and, if the primal cause of this injury is tortious, it is immaterial whether it is direct, as by a blow, or indirect, through some action upon the mind."
Since it is alleged in the complaint that the tortious conduct of the appellant brought about the physical or bodily injury to the respondent, such states a cause of action and is good against a demurrer. The question of whether the respondent can prove her case against the appellant will be determined from the evidence produced upon a trial of the cause.
The appellant relies upon the cases of Rankin v. Sievern & Knoxville Railroad Co., 58 S.C. 532, 36 S.E. 997, and Brooker v. Silverthorne, 111 S.C. 553, 99 S.E. 350, 5 A.L.R. 1283, to sustain the demurrer interposed by it. A careful analysis of these cases shows that they are not apposite.
We think that the judgment of the lower court overruling the demurrer of the appellant should be affirmed. However, we point out that our affirmance is based upon a different reason than that assigned by the trial judge and our conclusion is reached by application of Rule 4, Section 8, of this Court.
The exceptions of the appellant are overruled and the judgment below is,
Affirmed.
LEWIS, BUSSEY, and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.
LEWIS, Justice (concurring).
I construe the opinion of the Chief Justice to hold that the complaint states a cause of action for severe emotional distress resulting in physical or bodily injury, recklessly, wilfully and wantonly caused by the alleged extreme and outrageous conduct of the agent of defendant in using, under *98 the circumstances, vile, profane and abusive language towards plaintiff. So construing the complaint, I concur.
For a discussion of questions concerning the right to recover for damages resulting from emotional distress, with or without physical injury, see: Prosser on Torts, Section 11; Restatement of Torts (2d), Section 46(1); and annotations in 15 A.L.R. (2d) 108 and 64 A.L.R. (2d) 100. Since the complaint here alleges a physical injury resulting from emotional distress, we need not decide whether, without such allegation, a cause of action would be stated.
BUSSEY and BRAILSFORD, JJ., concur.