13322

ANDERSON v. SINGLETON *ET AL.*

(161 S. E., 873)

*Messrs. Lee & Shuler,* for appellants,

*Messrs. Ellerbe & Wimberly,* for respondent,

January 11, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff, as receiver of the First National Bank of St. Petersburg, Fla., brings this action for the purpose of foreclosing a mortgage of real estate which is situated in Wiliamsburg County, S. C., and which mortgage, it is alleged, was executed by Charles H. Singleton and Alice M. Singleton to secure the payment of the bond made and delivered by them to Annie M. Gover of St. Petersburg, Fla., in the sum of $17,994.31, and dated November 20, 1925.

For answer, defendants plead partial failure of consideration and payment of all that was justly due. The allegations of payment are contained in the fourth paragraph of the affirmative defense set up in the answer, and are couched in

this language: "IV. That from time to time after the execution of said bond secured by said mortgage, the defendant Charles H. Singleton made payments on the amount due thereon, and finally paid in full the entire amount of said indebtedness; that all of the indebtedness, evidenced by said bond, secured by said mortgage, was paid in full before the said bond and mortgage were assigned by said Annie M. Gover at the time alleged in Paragraph '4' of the complaint herein, if they were assigned, as therein alleged; that this defendant had no notice of said alleged assignment until long after he had paid and discharged the indebtedness evidenced by said bond and secured by said mortgage; that the Alexander National Bank mentioned in the complaint and the plaintiff herein took said bond, and the mortgage securing the same, subject to the defense of payment and subject to the defense of failure or partial failure of consideration, and there having been a partial failure of the consideration for which said bond, secured by said mortgage, was executed, and the balance due on said bond so secured by said mortgage having been paid in full by the defendant Charles H. Singleton before notice of the assignment thereof by said Annie M. Gover, these defendants allege that the plaintiff has no right, title, or interest in or to said bond and mortgage, and the plaintiff should be required by order of this Court to surrender the same to this Court, so that the same may be canceled and discharged and the mortgage marked satisfied of record."

Upon service of the answer being made, plaintiff's counsel gave notice of a motion before Hon. Philip H. Stoll, resident Judge of the Third Circuit, to require the defendants to make the fourth paragraph of their affirmative defense more definite and certain "by alleging dates, amounts, manner, and to whom payments claimed to have been made by the defendant Charles H. Singleton upon the bond and mortgage were made." His Honor granted the motion, saying in his order: "Upon reading the pleadings and hearing

the argument of counsel for all parties it appears to me that the relief sought by the plaintiff should be granted. It appears that the Singletons gave the note and mortgage involved in this action to A. M. Gover, a resident of the State of Florida. That she pledged the note and mortgage after maturity to the plaintiff bank as collateral security to note given by her. The defendants Singleton now contend that they had paid the true balance due on this note and mortgage before such assignment. They do not allege, however, the time, manner or method of payment. This knowledge is possessed by the defendants Singleton and A. M. Gover. It is not however possessed by the plaintiff in this action, and it would be very difficult for the plaintiff to prepare to meet the issue of payment without the relief asked for in plaintiff's motion. I can see no harm that can result to defendants by granting the motion. It is therefore, ordered, that the defendants Charles H. Singleton and Alice M. Singleton be, and are hereby, required to amend their answer in this action by alleging the dates, amounts, manner and to whom payments on the mortgage sued upon were made. That they may be allowed twenty days within which to file such answer, or in the event that they desire to appeal from this order that they have twenty days from date the remittitur is sent down to comply with the terms of this order."

From this order defendants appeal upon three exceptions, which embody the general propositions: That the plea of payment as made by the answer is sufficiently definite and certain; that it is in accord with the rule of practice which prevails in this State; that to compel defendants to plead payment more specifically is to require them to plead their evidence; that it is apparent on the face of the answer that payments were made to the mortgagee before the mortgage was assigned by her.

We may take it as the settled rule in this State that a pleader is not required to plead evidentiary matter, but it is also the settled rule that motions to make

pleadings more definite and certain are addressed to the sound discretion of the Court.

We are in accord of opinion with the rule as is stated in the case of *Hughes v. Orangeburg Mfg. Co.,* 81 S. C., 354, 62 S. E., 404, 405: "It is apparent that in the application of this rule there is a wide field for the exercise of common sense. Each case had its own special features. If the facts are exclusively or peculiarly within the knowledge of the plaintiff, more particularity should be required than when the defendant is so circumstanced as to have full information. Except in cases where this Court has a strong conviction that one of the parties has been placed at a real disadvantage, the conclusion of the Circuit Judge ought not to be disturbed."

It appears from the allegations of the complaint that Annie M. Gover, the mortgagee, assigned the bond and mortgage to the Alexander National Bank of St. Petersburg, Fla., which in turn assigned them to the First National Bank of St. Petersburg, Fla.; that the First National Bank of St. Petersburg, Fla., became insolvent and was closed; and the plaintiff is the duly appointed receiver thereof. These allegations import an element of uncertainty into the transaction. It may be that defendants have made payments to persons not entitled to receive them; if so, such person might deny the payments. The following allegation of the answer lends emphasis to this uncertainty: "That this defendant had no notice of said alleged assignment until long after he had paid and discharged the indebtedness evidenced by said bond and secured by said mortgage."

We do not construe the order of Judge Stoll to require the defendants to furnish plaintiff with a detailed statement, in the nature of an accounting, of the payments they claim to have made, but rather it requires them to amend their answer by stating approximately when payments were made, the approximate amounts paid, and to whom paid. These matters are peculiarly within the knowledge of the defend-

ants. It cannot be harmful to them to give this knowledge to plaintiff. The plaintiff, the officers of the bank which held these papers at times, and the original mortgagee are residents of St. Petersburg, Fla.; this case will be tried in Williamsburg County, S. C.; at the trial under the pleadings, as they stand, it would be possible for defendants to offer proof of payment to which plaintiff would be wholly unprepared to reply. The purpose of all pleadings is to apprise litigants of the issues which they are to meet. "This is in line with the principle that the defendant is entitled to all of the information necessary for his defense." *Boling v. Cotton Mills,* 163 S. C., 13, 161 S. E., 195, 199.

By parity of reasoning, when defendant sets up an affirmative defense, plaintiff is entitled to all the information necessary to rebut it.

In the peculiar circumstances of this case, we think the Circuit Judge exercised a sound discretion.

The appeal is dismissed, and the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and Circuit Judge C. C. FEATHERSTONE, ACTING ASSOCIATE JUSTICE concur.

MR. JUSTICE COTHRAN did not participate on account of illness.