14130

SALLEY v. WESTERN MUTUAL FIRE INSURANCE COMPANY.

(181 S. E., 74)

See also, 181 S. E., 72.

*Mr. A. J. Hydrick* and *P. D. Bryant, Jr.,* for appellant,

*Messrs. Lide & Felder* and *C. E. Summers,* for respondent,

August 14, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought action to recover on a policy of insurance which covered the dwelling house of appellant, and which was destroyed by fire.

The complaint alleged the corporate capacity of defendant and that it is engaged in insuring persons against loss and damage by fire to their real property; that it issued to plaintiff its policy whereby it insured the plaintiff against loss or damage by fire to his residence in the City of Orangeburg; that during the life of the contract of insurance the residence was destroyed by fire; that the defendant denies liability on the contract.

· The answer admits the formal allegations of the complaint and that it issued the policy mentioned in the complaint; that it is a provision of the policy that "this entire policy

shall be void if the insured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof"; that the insured concealed from defendant's agent that there was then a mortgage on the premises insured, aand misrepresented that there was no mortgage thereon; that this was a material fact and, if it had been known to and not concealed from defendant's agent, the defendant would not have issued the policy; that because of this concealment and misrepresentation the policy was void from the beginning; that it was a further provision of the policy that, "unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring, (a) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. Or (b) while the hazard is increased by any means within the knowledge or control of the insured * * *; or, (f) while the described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond the period of ten (10) days"; that the insured had or procured other insurance on the property covered by this policy, without the knowledge or consent of this defendant, at the time this policy was issued or prior thereto; that it is designated in the policy that the dwelling house insured was occupied by the owner, but defendant has since learned that he did not occupy it at the time the policy was issued, nor at the time the house was burned; that the house had not been occupied by the owner for a period of more than ten days before the fire, which fact was unknown to defendant; that the premium charged for the issuance of the policy to plaintiff was calculated upon a rate based upon the occupancy of the dwelling house by the owner, and that this rate was based upon information and representations made to the defendant on behalf of the owner, and the risk was accepted upon such representations and would not have been so accepted if such representations had not been made; that plaintiff has not paid the premium on said policy.

The plaintiff was given notice in the answer to produce the policy sued on, and the policy in Lumbermen's Mutual Insurance Company, of Mansfield, Ohio, in which company defendant is informed the plaintiff had insurance covering the property insured under the policy issued by defendant.

The case was tried by Judge Mann with a jury, and the jury rendered a verdict in favor of the defendant.

The case is unique in that there was no motion for nonsuit, nor for directed verdict by either party, nor for new trial by the plaintiff.

The appeal by plaintiff is laid in nine exceptions which charge error in the admission of certain testimony, and in the charge. Counsel for appellant have grouped the questions to be considered under five heads, and we will consider them in that order.

I. "Was it error to admit secondary evidence of the contents of the policy of the Lumbermen's Mutual Insurance Co. under the facts before the Court?" Exception 1.

If there was error in the admission of this testimony of A. F. Harrison, it was harmless. The purpose of its introduction was to show that plaintiff had other insurance on the property covered by the policy issued by defendant. Although defendant had set up this defense, it was no longer necessary for it to offer evidence in support of it. The plaintiff had admitted on his examination in chief that, "the Lumbermen's Mutual paid its policy to me and the estate of T. B. Bryant the latter part of January, 1933." There is no dispute of the fact that the Lumbermen's Mutual Insurance Company paid to the plaintiff and the estate of T. B. Bryant the amount of the policy which it had on the burned house, in accordance with its conditions. The policy sued on was issued December 5, 1932, and the fire occurred three or four days thereafter. It is plain that the other policy was already on the house. The action of this company in settling was evidence of its understanding of its liability in reference to the insurance in both companies. The testi-

mony of Mr. Harrison, the adjuster, wrought no harm to the appellant.

II. "Was it error for the Court to submit to the jury the affirmative defense of forfeiture occasioned by increase of hazard predicated upon a violation of condition (b) in the policy, 'while the hazard is increased by any means within the control or knowledge of the insured,' or upon any other provision thereof, as such defense was not pleaded?" Exceptions 2, 3, 4, 5, and 6.

These exceptions must be based upon a misconstruction of the answer. Paragraph 3 thereof specifically pleads that it is a condition of the policy that there shall be no additional insurance on the property without the written consent of the company; that the policy will be void if the hazard is increased by any means within the control or knowledge of the insured, or if the property is vacant or unoccupied beyond a period of ten days; the paragraph further sets forth that plaintiff did procure further insurance without the knowledge or consent of the company; that it was designated in the policy that the house was to be occupied by the owner; and that it was not so occupied, and that such fact was not known to the defendant, and that the dwelling house had not been occupied by the owner or a tenant for a period of ten days before the fire. It is alleged in Paragraph 2 of the answer that the plaintiff had concealed from defendant that there was a mortgage on the insured premises. Surely these allegations sufficiently plead facts which permit the introduction of testimony to prove that the hazard had been increased. It is not necessary to argue that placing a mortgage on insured property increases the hazard; nor is it necessary to argue that placing additional insurance upon the insured property, contrary to the express provisions of the policy, increases the hazard; it is a reasonable deduction that a dwelling house occupied by the owner is more closely protected and is less liable to damage or loss than that in the occupancy of tenants, or in the occupancy of trespassers, or that which is left vacant. Appellant contends that no facts

are pleaded to show increased hazard. It is the settled rule in this jurisdiction that one is not required to plead evidentiary matter. The plaintiff made no motion to require the defendant to make its answer more definite and certain, as he could have done if he desired more complete allegations. He may not now complain. These exceptions are over- ruled.

III. "Was it error to admit the testimony of Chief of Police Kirkland and Haynesworth Salley as to the conduct of the premises as a nuisance and gambling place?" Exceptions 8 and 10.

Appellant surely has no ground of complaint of the testimony of Chief of Police Kirkland. He did not testify that the place was reported to him as a gambling place. He distinctly said: "Not as a gambling joint. * * * I had a report on the place about noise. They were pitching parties. The boys were carrying on. The neighbors asked me to put men there to watch it and try to find out what was going on there. It appeared to me they were keeping the neighbors awake and having late hours."

Haynesworth Salley was the witness of plaintiff. On cross-examination he was asked whether he knew that the house was used as a place for gambling. He answered emphatically, "It was not."

The error alleged by these two exceptions is "that the answer did not allege that the hazard was increased on account of the house being occupied as a gambling resort, and even had it been so alleged, the contract does not provide that to so use the house would be such a breach of its terms as would cause the insured to forfeit his rights thereunder."

The allegations of the answer in regard to the increase of hazard were ·sufficiently definite, as we have held, to warrant the allowance of the questions to be asked to which objection was made. It is a pretty safe conjecture that if the boys were pitching parties and gambling, they were also smoking and drinking, and this would warrant a jury in concluding that there was an increase of hazard. The plain-

tiff suffered no damage by the action of the Court in allowing the questions asked because the testimony of the two witnesses went to show that the place was not used as a gambling resort. These exceptions are overruled.

IV. "Was it error for the Court to submit to the jury a defense based on the use of the premises by a tenant of the owner?" Exception 7.

It was clearly competent to submit the defense to the jury, in view of the provisions of the policy, which were duly pleaded, relating to the increase of hazard, and that it was a condition of the policy which influenced the issuing of the policy, that the premises would be occupied by the owner.

V. "Was it error for the Court to characterize waiver as 'a trick to catch one napping?" Exception 9.

In charging the law of waiver, the Court said: "Waiver is defined to be the intentional relinquishment of a known right. Chief Justice Watts once tersely put it that sometimes it was a trick to catch one napping."

His Honor then went on in a clear and full charge to make plain to the jury the law of waiver. It is not reasonable to conclude that the pleasantry which he injected by quoting a remark of Judge Watts could have misled an intelligent jury; especially in view of the clear exposition of the law of waiver which followed. The exception cannot be sustained.

Plaintiff has appealed from the order of Judge Mann which settled the case for appeal. The allegation of error is that the Court should not have required plaintiff to print the testimony other than excerpts from that of the witnesses Haynesworth Salley, Harrison, and Kirkland, as none of the exceptions raise any issue of fact; and certainly it was error to require it to be incorporated in question and answer form. We have carefully read the testimony in the record and are satisfied the order settling the case was wisely granted.

All exceptions are overruled and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE, concur.