14305

CRAVENS v. LAWRENCE *ET AL.*

(186 S. E., 269)

Before Johnson, J., Beaufort, June, 1935.

*Messrs. Wm. N. Levine* and *W. Brantley Harvey,* for appellant,

*Messrs. Randolph Murdaugh* and *John P. Wise,* for respondent,

June 8, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action seeking to recover damages for alleged slander. The complaint alleges that the defendant Lawrence is the agent of his codefendants Loomis and Thorne in the management of their tract of land situate in Beaufort County, S. C.; that Lawrence is a resident of the said State and county, and Loomis and Thorne are nonresidents; that on the date named in the complaint the defendant J. E. Lawrence, while acting within the scope of his duty as the agent of the defendants Alfred L. Loomis and Landon K. Thorne in the management of this said property, uttered of and concerning the plaintiff certain slanderous words which imputed to, and charged her with, a want of chastity.

There is a second cause of action for wrongful ejectment.

The defendants Alfred L. Loomis and Landon K. Thorne, in proper time and proper manner, moved the Court of Common Pleas for Beaufort County for an order removing the case to the United States District Court for the Eastern District of South Carolina, for trial in that Court. The grounds upon which the motion is based are: That Alfred L. Loomis and Landon K. Thorne, the peti-

tioners, are residents of the State of New York; that there is in this action a controversy wholly between citizens of different states, which can be fully determined between these petitioners and Nancy A. Cravens, the sole plaintiff, both as to issues of law and of fact, and in which the defendant J. E. Lawrence is neither a necessary nor a proper party defendant; that the alleged cause of action arises out of and is based upon the relation of master and servant which exists between the petitioners and their codefendant, J. E. Lawrence.

The petition for the removal of the cause was heard by the Hon. J. Henry Johnson, Judge of Fourteenth Circuit, who, in due time, filed his order directing the removal of the cause, as it relates to Alfred L. Loomis and Landon K. Thorne, to the United States Court for the Eastern District of South Carolina. From this order this appeal comes to this Court.

The Circuit Judge, who found that there was a separable cause of action stated in the first cause of action, stated his conclusion in these words: "It seems to be the well-settled rule in the Federal Court that 'When a master is made liable for a negligent or wrongful act of his servant, solely upon the ground of the relationship between them, and the application of the rule of *respondeat superior,* and not by reason of any personal participation in the negligent or wrongful act, he is liable severally and not jointly with the servant. I consider it a logical sequence from this rule that although the master and his delinquent servant be named as co-defendants in such an action, the complaint shows affirmatively that there is no joint liability, and that either defendant may properly claim that there is a separable controversy between himself and the plaintiff.' "

Judge Johnson, having found that the first cause of action is removable, did not consider the second cause.

There are numerous exceptions by appellant, but there are but two questions necessary to be determined, viz.:

Does the complaint state a cause of action which makes the principals, Loomis and Thorne, liable, because of the acts of their agent, Lawrence, under the rule of *respondeat superior?*

Does the complaint state facts sufficient to show that Lawrence was acting within the scope of his authority when it is alleged that he used the language which is claimed to be slanderous?

Much diversity of opinion is shown in regard to these questions by the opinions of Federal and State Courts. We think the matters are finally settled definitely for us by the opinion of Hon. H. H. Watkins, Judge of the United States District Court for the Western District of South Carolina, filed April 5, 1932. This opinion is so lucid, so logical, so concise, and so fortified by authority, that we shall quote it in full, omitting the formal parts. The title of the case is *Weldon v. Southern Railway Company* and *Mitchell A. Brown:*

"This is an action for slander originally instituted in the State Court and thence removed here. The plaintiff has now moved to remand the cause on the ground that it is not properly cognizable in the Federal Court.

"It appears from the allegations of the complaint that the defendant, M. A. Brown, acting both for himself and within the scope of his employment as an agent of the petitioner, uttered the slander complained of. Under these circumstances, the plaintiff has sued Brown, who is a resident of South Carolina, and the petitioner, which is a resident of Virginia, jointly.

"It is the theory of the petitioner that, since its liability can be premised only upon the doctrine of *respondeat superior* and not by reason of any personal participation in the wrongful act, it is severally liable and not jointly with the resident defendant; and that accordingly the complaint, though against both defendants jointly, re-

flects a separable controversy as between the plaintiff and the petitioner, of the requisite jurisdictional amount. Whether the servant and the master under those circumstances is jointly or severally liable with the servant is a question to be tested by the law of South Carolina. *Illinois Central Railroad Co. v. Sheegog* (1900), 215 U. S., 308, 30 S. Ct., 101, 54 L. Ed., 208.

"A consideration of the decisions of this State discloses that the settled rule in this jurisdiction is that the identification of the master and servant is so complete that a joint action is maintainable against the two, even though the liability of the master rests upon the principle of *respondeat superior*. *Rucker v. Smoak* (1892), 37 S. C., 377, 16 S. E., 40, 34 Am. St. Rep., 758; *Schumpert v. Southern Railway* (1902), 65 S. C., 332, 43 S. E., 813, 95 Am. St. Rep., 802; *Nunnamaker v. Smith* (1913), 96 S. C., 294, 80 S. E., 465; *Johnson v. A. C. L. Railroad Co.* (1927), 142 S. C., 125, 142, 143, 140 S. E., 443. Thus, in *Gardner v. Southern Ry. Co.* (1902), 65 S. C., 341, 344, 43 S. E., 816, Mr. Justice Jones, as the organ of the Court, said:

" 'In the case of *Schumpert v. Southern R. R. Co.* and *Hutchison,* recently decided, we had occasion to consider the liability of master and servant for the negligence and misconduct of the servant within the scope of the agency, and in that case it was shown that the liability of master and servant for the wilful tort, or for the negligence of the servant while acting for the master within the scope of his employment, was both joint and several.'

"And this rule of the State Court has been recognized and applied in a removal case arising in this District and decided by our Circuit Court of Appeals. *Davenport v. Southern Ry. Co.* (C. C. A., S. C., 1905), 135 F., 960. In the cited case, the liability of the non-resident railroad company was predicated upon the imputed negligence of its servants, who were joined with the railroad company as joint

defendants. The railroad company, which, it might be parenthetically observed was the same as here, sought to remove the case to the federal court upon the same theory as is advanced here. The Court held that the case should be remanded, basing its decision upon the case of *Schumpert v. Ry. Co., supra.*

"As is thus seen, the defendant Brown and the petitioner are, not merely severally liable to the plaintiff, as argued by the petitioner, but also jointly liable to him. When, then, the plaintiff has proceeded to sue them jointly, as he has done here, the cause is not removable to this Court, unless diversity of citizenship exist as to both joint defendants. Since the defendant Brown is a resident of South Carolina, that diversity of citizenship essential to the exercise of jurisdiction by this Court is not here present and the motion to remand must be granted.

"Whereupon, after due consideration, It Is Ordered that the cause be and hereby is remanded to the Court of Common Pleas for Spartanburg County, South Carolina.

"H. H. WATKINS,
"*United States District Judge.*"

This opinion is so exactly applicable to our case that its quotation renders it unnecessary to make further argument or to cite other authorities.

Does the complaint state facts which show that Lawrence was acting within the scope of his authority at the time he uttered the alleged slanderous words?

The defendants have not demurred to the complaint, nor have they moved to make it more definite and certain. It is the established rule of pleading in this jurisdiction that the pleader is not required to state evidentiary facts.

The complaint, in our opinion, states facts sufficient to entitle plaintiff to offer testimony designed to prove that at the time of the alleged delict the defendant Lawrence was acting within the scope of his duties

as the agent and manager of the property of his codefendants Loomis and Thorne.

It is the judgment of the Court that the order appealed from be, and is, reversed.

This opinion was written as a result of a rehearing in this case and is substituted for the opinion of the Court heretofore filed, which is ordered withdrawn.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.