14684

CONNOR v. WILLIAMS *ET AL.*

(197 S. E., 211)

120

*Mr. J. Z. McConnell,* for appellant,

*Messrs. Adam H. Moss* and *James A. Moss,* for respondents,

May 11, 1938.

The opinion of the Court was delivered by Mr. Justice Bonham.

On the first hearing of this appeal, the Court filed the following opinion, which is here made a part of this opinion:

The plaintiff brought this action for damages in the sum of $3,000.00. He alleged, *inter alia,* that the defendants had levied upon and sold certain of his personal property for taxes claimed to be due by him; and that the value of the property so seized was approximately $1,000.00, while the alleged delinquent taxes, with penalties, amounted to $98.09; and that the acts of the defendants complained of were willful and unlawful.

The defendants, C. H. Williams, individually, and as collector of the delinquent taxes for Orangeburg County; R. S. McCants, acting as deputy collector under him, and J. R. Salley, as treasurer for the County of Orangeburg, demurred as follows: 1. Upon the ground that it appeared upon the face of the complaint that the Court had no jurisdiction of the subject of the action. 2. Upon the further ground that the complaint did not state facts sufficient to constitute a cause of action.

Judge Gaston, who heard the matter, sustained the demurrer, giving the following as his reasons for doing so: "Upon an inspection of the said complaint and the amended complaint it appears that no violation of Sections 2833 and 2834 of the Code of 1932 regulating the sale of personal property for taxes has been alleged; it further appears that plaintiff has not alleged facts sufficient to bring himself within the provisions of Section 2855 of the Code of 1932, the same being the statute regulating redemptions; and it still further appears that plaintiff has failed to allege facts showing compliance with the requirements of Sections 2845 through 2852, of the Code of 1932, which said requirements are conditions precedent to bringing any action for the recovery of any taxes charged upon the books of any County Treasurer which are alleged to have been illegally or wrongfully collected."

The plaintiff's appeal from this order states several exceptions, but it is not entirely clear, nor is it stated by the appellant in his brief, as required by a rule of this Court, precisely what questions are raised by them. We have, however, given to the matter, as far as we have been able to do so, the consideration its importance deserves.

While the respondents agree that this is not an action for the recovery of any taxes charged upon the books of the county treasurer, for the bringing of which authority is contained in Sections 2845 through 2852 of the Code of 1932, they contend that no cause of action of any kind whatsoever is stated. We think, however, that the complaint, when liberally construed, as it should be, defectively states a cause of action in tort for excessive levy. On this point, counsel for the respondents argue that it was necessary, in order to state a cause of action for excessive levy, to allege, among other things, the true value of the chattels seized and sold, which was not done; that is to say, the complaint contains no allegation as to what the property brought at the sale or whether or not it brought its true value when sold, although the plaintiff alleged facts showing that the

property was regularly distrained and alleged no facts which showed that the sale was illegal in any manner.

It is true that the complaint is quite defective in the respect named, still it is not altogether devoid of an allegation as to the value of the property distrained. In Paragraph 7 thereof, the general allegation is made, as we have said, that the amount of the property seized and sold was approximately $1,000.00. In such case it appears that the remedy of the defendants was by a motion to require the plaintiff to make his complaint more definite and certain as to the true value of the property in question; and the Circuit Judge should have so held. Upon consideration, we think that the plaintiff, in the circumstances, should be permitted to amend his complaint.

It is, therefore, the judgment of this Court that the order appealed from be reversed and the case remanded to the Circuit Court, with leave to the plaintiff, if he be so advised, to amend his complaint as indicated in this opinion, and that he have twenty days in which to do so from the date of the filing of the remittitur herein with the Clerk of Court for Orangeburg County; and that the defendants have twenty days after service upon them of such amended complaint in which to plead thereto.

Thereafter, the defendants filed a petition for rehearing, which was granted, and at the argument on the rehearing counsel were advised that they were limited to the consideration of two questions, viz.: Does the complaint state a cause of action which shows that the Court has jurisdiction of the subject of the action? Do plaintiff's exceptions to the Court's order cover the issues raised by the above question, so as to entitle plaintiff to be heard on it here?

Let us take these in the inverse order, since, if the exceptions do not cover the issues, under the rule the appellant is held to have waived them.

It is fundamental that pleadings must be liberally construed in favor of the pleader. Indeed, Section 477 of the Code of 1932 expressly provides that: "In

the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

With this purpose in view, let us analyze appellant's Exception 3, which alleges error in these words: "In not holding that there was an unreasonable amount of property seized and sold in proportion to the amount of taxes involved, an issue which should have been submitted to a jury, the property so levied on being easily separated and the value found so as to sell only so much 'As may be necessary' etc., to satisfy the amount due."

Arranged in a different order, the exception amounts to saying that his Honor erred when he sustained the demurrer, which alleged that the Court had no jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action.

Unquestionably this is the effect, if not the exact language, of the Court's order.

A reference to the exact language of Paragraph 7 of the complaint, in consideration with the language of the Court's order, makes it plain that the language of Exception 3 has direct application to challenge the Court's order thereabout. That paragraph in definite language states in detail the alleged excessive levy and sale of plaintiff's personal property. The total value of the property taken is shown, and the small amount of taxes due. True, the amount which the property brought is not alleged, but that is a matter of proof; one is not required to plead evidentiary matter.

Now then, as to the consideration of the question: Does the complaint state a cause of action which shows that the Court has jurisdiction of the subject of the action?

A scrutiny of the Court's order will show that his Honor did not in precise language say that no cause of action had been alleged and that the Court had no jurisdiction of the subject of the action. His Honor did say that the complaint did not allege any violation of Sections 2833 and 2834, of the Code of 1932, regulating the sale of personal property.

That is true, for the complaint is not brought under those sections, which have no pertinency to the character of the tort complained of. Again the order says that the plaintiff has not alleged facts sufficient to bring him within the provisions of Section 2855, which regulates the matter of "redemptions" for property sold for taxes. Certainly not, the action is not for the redemption of property. Again, the order says that the complaint fails to show compliance with the requirements of Sections 2845 through 2852, of the Code of 1932, which are conditions precedent to bringing an action for the recovery of any taxes charged upon the books of any county treasurer which are alleged to have been illegally or wrongfully collected. It is true that the complaint does not contain any such allegations, because plaintiff is not seeking to recover such taxes as are there referred to.

His action, we repeat, is one in tort for the alleged excessive and wrongful levy and sale of a greater amount of personal property than was necessary to pay the tax and penalty.

Such action, if predicated upon relevant facts, states a cause of action and a subject of action.

In the case of *Ophuls & Hill v. Carolina Ice & Fuel Co.,* 160 S. C., 441, at page 450, 158 S. E., 824, this is found (page 827) : "Many attempts to differentiate the meaning of the terms 'cause of action' and 'subject of action' occur in the law books. None of them more clearly states that difference than does Bliss on Code Pleading (3rd Ed.), 214, quoted with approval in our case of *Columbia National Bank v. Rizer,* 153 S. C. [43], at page 55, 150 S. E., 316, 320, 68 A. L. R., 443: 'The cause of action has been described as being a legal wrong threatened or committed against the complaining party; and the object of the action is to prevent or redress the wrong by obtaining some legal relief. The subject of the action is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the court, nor is it that which the court is asked to do for him, but it must be the matter or thing, differing both from the wrong and the relief, in regard to which the con-

troversy has arisen, concerning which the wrong has been done; and this is, ordinarily, the property, or the contract and its subject-matter, or other thing involved in the dispute.' "

In the case at bar the cause of action, as alleged, is the infringement of plaintiff's primary right by the excessive and wrongful levy and sale of his property. The subject of the action is the personal property so alleged to have been taken.

In the case of *Dickson v. Burckmyer,* 67 S. C., 526, at page 539, 46 S. E., 343, this Court said (page 348) : "It does not follow, as a matter of law, that the levy was excessive because the land sold for even 10 times the amount of the debt, for land sometimes sells for much more than even the best judges expect. The sheriff is required to seize sufficient property, and it is a question of fact whether he has exercised a reasonable discretion. The title of a purchaser who has bought in good faith at a tax sale should not be disturbed because the sheriff levied on more property than was necessary, unless the levy was so excessive as to indicate oppression, arising from design or inexcusable ignorance. Freeman on Executions, 253. The plaintiffs are entitled to have this issue submitted to the jury."

In the case of *Commercial Bank v. Sandford,* C. C., 99 F., 154, that very sound lawyer and learned jurist, Charles H. Simonton, of the United States District Court for South Carolina, construing statute laws of this State said: "Under the statute of South Carolina (Acts 1887, 19 St. at Large, p. 884), providing that a sheriff having a tax warrant for collection shall seize and sell so much of the property of the delinquent taxpayer as may be necessary to raise the sum of money therein named, and charges thereon, the limitation is mandatory, and a sale of a tract of land worth $2,500.00, and readily capable of division, to satisfy a tax warrant calling for only about $30.00, is unauthorized, and voidable by the landowner."

The opinion quotes the following from Cooley on Taxation, 496: "And such a provision (that only so much of the land must be sold as would pay the tax) must be strictly obeyed. A sale of the whole, when less would pay the tax, would be such a fraud on the law as to render the sale voidable, at the option of the landowner, and the deed would be void on its face, if it showed the fact of such excessive sale."

Further, the decree said: "The sheriff may not be a necessary party, but he is certainly a proper party. The other defendants claim through his action, and complainant alleges that it was illegal. Indeed, he is responsible for the irregularity and invalidity of the sale. The bill discloses no collusion, fraud, or improper conduct on the part of the other defendants. * * * If this sale be set aside, the defendants, who purchased and paid their money, they being without fault, are entitled to the return of what they paid. This must be made by the sheriff, who received it."

It seems to be plain that this action may be maintained as one in tort for excessive levy under tax execution, and that plaintiff is entitled to have that issue submitted to a jury.

The judgment of this Court is that the judgment of the Court below be reversed and the case remanded to the Circuit Court for further proceedings as herein indicated.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.