14882

HUDSON & HOUSNER, INC., v. FELDER

(3 S. E. (2d), 40)

*Mr. C. E. Summers,* for appellant,

*Messrs. Lide & Felder* and *Louis Rosen,* for respondent,

May 24, 1939.

The opinion of the Court was delivered by MR. PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE.

This is an appeal from an order of his Honor, Judge Mann, overruling a demurrer interposed by appellant to the second and third defenses of respondent's answer.

The action is for damages for breach of contract. The complaint alleged the execution of the contract between plaintiff and defendant, and the contract was made a part of the complaint.

The terms of the contract were as follows: The appellant was to furnish to respondent (1) three hundred 150-pound bags of certified Irish Cobbler seed potatoes; (2) 50 tons of fertilizer, 7-5-5 analysis; (3) sulphate ammonia as a side dressing not to exceed 300 pounds per acre; (4) 2,800 one-hundred-pound bags suitable for packing; (5) all items furnished not to exceed $2,500.00.

In payment of these advances on the part of the appellant, the respondent was to (1) plant and harvest 50 acres of Irish potatoes; (2) deliver to appellant 2,800 one-hundred-pound bags of U. S. No. 1 Grade potatoes.

The contract further provided that if by an act of God the respondent did not produce 2,800 one-hundred-pound bags of U. S. No. 1 Grade potatoes, then she was to deliver to appellant all of the marketable potatoes up to 2,800 one-hundred-pound bags, to be sold by appellant as it deemed advisable, and if said potatoes on being sold by appellant should net in cash less than what appellant had advanced for fertilizers, seed potatoes and side dressing, not to exceed $2,500.00, then the respondent was to share equally in the loss and pay to appellant one-half of said loss up to the amount advanced.

The complaint of appellant alleges that it performed its part of the contract, but that the respondent failed to perform her part thereof in that she delivered only 1,920 bags of U. S. No. 1 Grade potatoes, a shortage of 880 one-hundred-pound bags, and that she sold and delivered potatoes elsewhere; that the market price of said potatoes F. O. B. Orangeburg was $1.25 per bag of 100 pounds, and that the respondent is due and owing to appellant the sum of $1,100.00.

The respondent, by her answer, sets up three defenses: The first is a general denial and the second and third are counterclaims. By her second defense by way of counterclaim the respondent admits the execution of the contract and alleges certain failures on the part of appellant to com-

ply therewith. She alleges that the appellant was to advance to her, fertilizer, seed potatoes and bags to the value of $2,-500.00, but only advanced $1,858.50 in such commodities, leaving a difference of $641.50; that she delivered to appellant all of No. 1 Grade potatoes which she produced, and that she offered to deliver all of her potatoes, but appellant refused to accept any except U. S. Grade No. 1 Government inspected.

The third defense is practically the same as the second and sets up failure of appellant to carry out its contract, and demands an accounting.

To the second and third defenses of respondent's answer, the appellant demurred and the demurrer was heard by his Honor, Judge Mann, who overruled same.

By its exceptions the appellant contends that the second and third defenses of respondent's answer on its face do not constitute any defense to appellant's action.

Appellant's exceptions really raise only one question, and that is whether or not the second and third defenses of the answer are sufficient to constitute a defense or counterclaim. A. demurrer must be against the answer as a whole, and admits the truth of the allegations, though it does not admit conclusions or inferences of law. This is the generally accepted rule and no citations are necessary. Applying this test, do the allegations of the second and third defenses in respondent's answer constitute a defense to the complaint or a counterclaim against appellant?

Appellant's contention that the second and third defenses by way of counterclaim are for damages for breach of contract, but do not constitute a defense or counterclaim because the contract is not set forth therein is not tenable. The complaint was predicated on the contract, and the contract was made part of the complaint.

The respondent admits the execution of the contract in both the second and third defenses of her answer and refers to this contract and the terms thereof. The appellant's action

was based on the contract between appellant and respondent and to require respondent to set forth in full the same contract in her answer would be an unnecessary and useless requirement.

A demurrer must be directed to the defense as a whole and not to certain allegations thereof. In respondent's second and third defenses she alleged that she turned over to appellant all of the No. 1 Grade potatoes which she produced and further that she offered to appellant all of the potatoes she produced but that appellant refused to accept any potatoes except U. S. No. 1 Grade. If these allegations are true, and for the purposes of demurrer, they must be accepted as true, then the question is raised to be determined by the trial Court as to which of the parties breached the contract, if the contract was breached.

Allegations of the answer which may be merely conclusions of law or interpretations of the contract cannot in themselves make the answer demurrable if there are other allegations in the answer sufficient to constitute a defense.

Analysis of the complaint, the contract which was pleaded in both the complaint and the answer, and the answer discloses sufficient allegations predicated on the terms of the contract and tending to answer the allegations of the complaint as to warrant the trial of such questions upon their merits.

The rule is generally accepted that pleadings shall be liberally construed with a view to substantial justice between the parties.

The law applicable to the questions raised by the exceptions is elementary and citations are unnecessary.

The order of Judge Mann overruling the demurrer is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.