15183

ATHANAS v. CITY OF SPARTANBURG

(12 S. E. (2d), 39)

*Messrs. Carlisle, Brown & Carlisle* and *Johnson & John-son,* for appellant,

*Messrs. Odom, Bostick & Taylor,* for respondent,

December 21, 1940.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

By order of this Court the remittitur of the judgment in this case heretofore filed was stayed, and a rehearing granted on all issues. Pursuant to direction of the Court in said order, the case was orally argued at the November, 1940, term.

Upon a reconsideration of the case, we conclude that there was no oversight or misapprehension by the Court of any applicable principle in our former disposition of Exception 2, to which we adhere.

We reproduce that portion of our former opinion which sets forth the history of the case and the issues involved, and at the appropriate place herein the holding therein made on said Exception 2, all of which is hereby adopted as the opinion of the Court.

The plaintiff brought action, as the administrator of the estate of his minor son, Arthur Athanas, deceased, to recover damages from the defendant for the death of the said Arthur Athanas. The complaint, brought under the statute commonly known as Lord Campbell's Act, is for the benefit of the plaintiff, Jack Athanas and Venus Athanas, who are the father and mother of the deceased Arthur Athanas. The complaint alleges that Arthur Athanas came to his death by being struck and run over by a truck owned by the defendant and being operated by an agent and servant of the defendant; that the truck was at the time being used by the defendant for the purpose of repairing and maintaining the streets. The complaint further alleges, upon information and belief, that the injury and death of plaintiff's intestate was directly and proximately caused by the mismanagement and

negligence of the defendant, its agents and servants, in the use of an instrumentality in the repair and maintenance of the streets, in the following particulars: the driver of the truck was operating it without keeping a proper lookout; the driver of the truck was operating it at a reckless rate of speed, greater than was reasonable and proper under the circumstances, contrary to the laws of the State and in violation of Section 272, Subsection 55, of the Code of Ordinances of the City of Spartanburg. That the truck was being driven so as to enter one street from another at a greater speed than is permitted by the ordinance of the city. That the truck was being operated at an unlawful rate of speed contrary to law and to the provisions of Section 272, Subsection 33, of the ordinances of the city. That the death of Arthur Athanas was not brought about by his own negligence, nor did he negligently contribute thereto; nor was it brought about by the negligence of the persons for whose benefit this action is brought, nor did they negligently contribute thereto.

The defendant demurred to the complaint for that it failed to state facts sufficient to constitute a cause of action for that:

"(1) It does not appear from the allegations of fact therein set out that plaintiff's intestate was injured through any defect in a street, and

"(2) It does not appear from the allegations of fact therein set out that plaintiff's intestate was injured by reason of defect or mismanagement of anything under the control of defendant municipality engaged in making repairs on any streets.

"(3) Should the Court consider that the complaint states facts sufficient to constitute a cause of action for defect or mismanagement of an instrumentality under the control of the defendant engaged in making repairs on a street, then on the further ground that the Court could have no jurisdiction of the subject-matter of such an action in that there is no statute giving plaintiff such right of action.

"(4) In that it does not appear from the complaint that the beneficiaries in whose behalf the action is brought did not in any way bring about the injury or damage complained of or by their own negligent act or that they did not negligently contribute thereto."

The trial Judge overruled the demurrer by an order dated August 23, 1939. By a subsequent order, dated November 2, 1939, he said:

"Heretofore on August 23, 1939, I filed an order herein overruling certain motions and a demurrer interposed by defendant. In due time defendant served notice of intention to appeal to the Supreme Court and is in course of perfecting the appeal.

"Counsel for plaintiff has now indicated to the Court a willingness that the demurrer be sustained on the fourth ground thereof, provided plaintiff be given leave to amend the complaint by adding thereto the allegation set out below.

" * * * , that the demurrer be and the same is herewith sustained on the fourth ground thereof, to wit: that it does not appear from the complaint that the beneficiaries in whose behalf the action is brought did not in any way bring about the injury or damage complained of by their own negligent act or that they did not negligently contribute thereto; with leave nevertheless to plaintiff to serve and file within ten days after the filing of this order an amended complaint containing an additional paragraph Number IX-a, as follows:

" 'IX-a. That the injury and death of said Arthur Athanas was not brought about by the negligence of the said persons for whose benefit this action is brought, nor did they negligently contribute thereto.'

"Ordered, further, that this order shall be without prejudice to the pending appeal by defendant to order filed August 23, 1939, on any other ground; and said appeal shall be considered as having the same status as if the complaint were amended as herein allowed and the motions and demurrer on all other grounds thereafter made and overruled."

The appeal is from both of these orders and is bottomed upon two exceptions:

"I. In overruling appellant's demurrer to the complaint as not stating facts sufficient to constitute a cause of action; the error being that it does not appear from the allegations of fact therein set out that plaintiff's intestate was injured either by reason of a defect in any street or by reason of defect or mismanagement of anything under the control of appellant municipality engaged in making repairs on any streets and the complaint therefore states no cause of action allowed by the enabling statute permitting suit against a municipality.

"II. In overruling appellant's demurrer to the complaint as not stating facts sufficient to constitute a cause of action; the error being that even if it be considered that the complaint states a cause of action for death resulting from defect in or mismanagement of any instrumentality under the control of appellant engaged in making repairs on a street, nevertheless there is no statute under which such a cause of action could survive to plaintiff, and the Court is therefore without jurisdiction of the subject matter of the action."

In their brief counsel for appellant state their two exceptions (for argument) in the following wise:

"(1) That complaint which alleges merely that a city truck was at the time of inflicting the injury 'being used by the defendant for the purpose of repairing and maintaining its streets' does not sufficiently state a cause under the Enabling Statute for an injury through defect in or mismanagement of a street repair instrumentality; and

"(2) That no causes for injury resulting in death survive against a municipal corporation except such as survive under Section 5858, Code of 1932, which does not provide for the survival of an action where death results from an injury sustained through defect in or mismanagement of a street repair instrumentality."

Section 7345 of the Code of 1932 is in these words:

"Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceed the ordinary weight: *Provided,* The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* such person has not in any way brought about any such injury or damage by his or her own negligent act or negligently contributed thereto."

EXCEPTION 1

The law of the scope of the Section (7345) of the Code above set out was reviewed and settled by the case of *Reeves v. City of Easley,* 167 S. C., 231, 166 S. E., 120, in which the able and exhaustive opinion was by the present Chief Justice, and since that important decision there has been none in conflict with the principle there laid down that, stated generally, the statute permits suits only for damage to one in ordinary use of the streets resulting from a defect therein or defect in or mismanagement of some instrumentality of the town or city when in actual use in street repairs. See, also, *Singleton v. City of Sumter,* 180 S. C., 536, 186 S. E., 535. The portion of the statute here directly involved is that relating to the "mismanagement of anything [instrumentality] under control" of the municipality.

The allegation in the complaint attacked by the demurrer as a legal conclusion and not containing sufficient factual statements to come within the

terms of the statute constitutes Paragraph 4 thereof, as follows: "The said truck at the time was being used by the defendant for the purpose of repairing and maintaining its streets." To the same effect is Paragraph 6 which is as follows, omitting the numerous specifications of negligence and mismanagement: "6. That as plaintiff is informed and believes the injury and death of plaintiff's intestate was directly and proximately caused by the mismanagement, and negligence of the defendant, its agents and servants *in the use of an instrumentality in the repair and maintenance of its streets* in the following particulars, to wit: * * *."

We have come to the conclusion that the demurrer was properly overruled very largely by consideration of the pointed authority of *Boling v. Clinton Cotton Mills,* 163 S. C., 13, 161 S. E., 195, 200. There similar contention and attack were made against the complaint in an action of slander in so far as the corporate defendant, which demurred, was concerned. It was sought to be held liable for the slanderous utterances of its superintendent and the allegation was that such occurred "while [he was] acting as agent and servant of the defendant Clinton Cotton Mills and while in his line of duty." Mr. Justice Cothran was the author of the main opinion of this Court in which he stated with reference to the demurrer upon this point that the allegation just quoted was, he thought, a legal conclusion with no facts stated from which one could be legitimately drawn, and concluded that in his opinion the demurrer should have been sustained, but he further stated that a majority of the Court were of the opinion that the agency for the defendant in making the defamatory statements was sufficiently alleged, the existence of such agency being a matter for proof at the trial, and this Court rendered judgment accordingly, sustaining the overruling of the demurrer by the Circuit Judge. In the concurring opinion by Mr. Justice Stabler, afterwards Chief Justice, in which he was joined by the then Chief Justice Blease

and Mr. Justice Carter, he stated that after a careful consideration of the matter he was satisfied that the plaintiff had sufficiently pleaded that in making the defamatory statements the alleged agent was acting as the agent of the corporate defendant, and he ordered that the complaint be reported, from which report the above quotation is taken.

We are unable to perceive any difference in the allegation of agency in that case and the allegation of the use of the truck in the case before us. Both are allegations of the ultimate facts without the inclusion of evidentiary matter. Allegation of the latter has been frequently condemned by text writers and Courts and the failure of the pleader to perfectly observe the faint and oft-disputed line of distinction between conclusions and evidentiary facts should not be allowed to defeat the ends of justice, which might well result from such strictness of construction.

"The lines of demarcation between conclusions of law, conclusions of fact, and an admixture of the two are not always clear. Pleading ultimate facts, as distinguished from evidentiary facts, usually, if not always, involves conclusions, and this is not a violation of the rule against pleading legal conclusions; but legal conclusions cannot be pleaded as ultimate facts. So the question whether a pleading states a legal conclusion or merely pleads facts according to their legal effect is sometimes difficult to determine." 49 C. J., 45 *et seq.*

Again from 49 Corpus Juris, 40: "It is a general rule, sometimes embodied in the codes and practice acts, that a pleading should allege the ultimate facts to be established, and not matters of evidence tending to establish them."

It does not appear that the authority of the *Boling case, supra,* applicable here, has been impeached by any subsequent decision of this Court. Moreover, a fair analysis of the allegations of the complaint in this respect shows more than a conclusion of law; the statement that

the truck was being used by the defendant at the time is one of fact and in addition thereto that the purpose of such use was for the repair, and maintenance of defendant's streets is also one of fact, without the underlying facts, which latter may have been elicited, as suggested by the Court below, by the defendant by a motion that the complaint be made more definite and certain, in effect, more detailed. Incidentally, but none the less important, there is present here the circumstance that such details were within the knowledge of the defendant to a greater extent than they were within the knowledge of the plaintiff, for that the truck involved was the property of the defendant and was being operated by its agent at the time of the fatal incident is elsewhere alleged in the complaint and was, therefore, admitted by the demurrer.

In connection with the suggestion of the Court in the order appealed from that the proper remedy of the defendant was to move to have the complaint made more definite and certain rather than to demur upon this ground, the decision in *Anderson v. Singleton*, 164 S. C., 94, 161 S. E., 873, is in point. That action was by the receiver of an assignee, upon a money bond and mortgage; the defendant pleaded payments "from time to time" by which payment was alleged to have been made in full to the obligee before assignment. The plaintiff moved to require the answer to be made more definite and certain by alleging the dates, amounts, manner and to whom such claimed payments had been made. The lower Court granted such an order and upon appeal therefrom this Court in a clear and logical opinion affirmed the order and stated that it is settled in this State that *a pleader is not required to plead evidentiary matter* and quoted from an earlier decision the following: "If the facts are exclusively or peculiarly within the knowledge of the plaintiff, more particularity should be required than when the defendant is so circumstanced as to have full information."

Motion to make more definite and certain was the remedy approved in the last-mentioned case and should have likewise been the remedy of defendant in this. In the opinion in the *Anderson case* it was said by this Court that the defendant had knowledge of the details of the payments, while here, as pointed out above, the factual details omitted from the complaint are within the knowledge of the defendant. It should be noted that in the *Boling case, supra,* a motion to make more definite and certain was allowed in certain particulars, but a majority of this Court refused to sustain the demurrer on account of the allegation of the ultimate fact of the agency at the time of the utterance of the slander.

"Generally, pleadings are demurrable where conclusions of law are set forth therein in lieu of pleadable facts; and denials based thereon are insufficient to tender an issue. *Yet, where a pleading is defective in this respect, and such defect can be reached by a motion to make it more specific, the objection cannot be taken by demurrer."* (Italics added.) 21 R. C. L., 441-2, § 5.

Illustrative of this rule is *Webber v. Farmers Chevrolet Co.,* 186 S. C., 111, 195 S. E., 139, where the Court had under consideration a complaint for the "forcible, unlawful, and wilful seizure of an automobile", where the trial Court had held that the use of the words, "forcible, unlawful", etc., were insufficient to allege a breach of the peace. This Court reversed the lower Court, held that the complaint was not subject to demurrer, and said: "Do the allegations of the complaint to which we have referred sufficiently allege a breach of the peace? Certainly if the defendants had desired a more detailed statement of the ways and means by which possession of the automobile was gained, a motion to make the allegations of the complaint more definite and certain would doubtless have been the proper course to have pursued. *The plaintiff alleged the ultimate fact, the forcible seizure; he was not required to set forth evidentiary matter."* (Italics added.)

A complaint attacked by demurrer must be liberally construed in plaintiff's favor. *Flowers v. Price,* 190 S. C., 392, 3 S. E. (2d), 38. Pleadings should be liberally construed with a view to substantial justice between the parties. *Hudson et al. v. Felder,* 190 S. C., 387, 3 S. E. (2d), 40. Pleadings should be construed liberally as against the moving party. *Daniel v. Post,* 181 S. C., 468, 187 S. E., 915. Pleadings must be liberally construed in favor of the pleader. *Connor v. Williams,* 187 S. C., 119, 197 S. E., 211; *Mullikin v. Southern Bleachery & Print Works,* 184 S. C., 449, 192 S. E., 665. The allegations of a complaint are to be liberally construed in favor of the pleader. *Broadway v. Jeffers,* 185 S. C., 523, 194 S. E., 642, 114 A. L. R., 1244. Litigant is not required to plead evidentiary matter. *Connor v. Williams, supra; Salley v. Western Mut. Fire Insurance Co.,* 177 S. C., 168, 181 S. E., 74; *Cravens v. Lawrence,* 181 S. C., 165, 186 S. E., 269, followed in *Sikes v. Lawrence,* 181 S. C., 235, 186 S. E., 926. (Note: The brief syllabi of the holdings of the cases just cited are taken from West's Digest.)

The principle of strict construction of statutes in derogation of the sovereign immunity from suit of the State and its subdivisions is well established by our decisions but the application of the principle must in fairness be to all of the facts of each case, whether admitted by demurrer or established by the testimony; and in this case upon a trial on the merits such principle need not be encroached upon in the least and the defendant here, having failed to require the complaint to be made more definite and certain as to the underlying facts of the use by defendant of the death truck, should have its full protection of the principle of strict construction of its liability by motion for nonsuit or directed verdict, but it is not entitled to prevail upon its demurrer in view of the allegations of the complaint quoted hereinabove.

In view of the foregoing authorities and especially of the modern and liberalized rules of pleading in this and

many other Courts (see numerous citations, *supra*), and particularly in consideration of our mandatory statute (Section 477, 1932 Code) that pleadings shall be liberally construed to the end that substantial justice be done between the parties, it is necessary in our opinion that this Court overrule Exception 1.

## EXCEPTION 2

The second exception takes the position that even if the Court should hold that the complaint states a cause of action for death resulting from defect in, or mismanagement of, any instrumentality under the control of the appellant engaged in making repairs on the street, nevertheless, there is no statute under which a cause of action could survive to plaintiff, and the Court is therefore without jurisdiction of the subject-matter of the action.

Section 5858, Code of 1932, is as follows: "Whenever the death of a person shall be caused by any injury through a defect in or failure to repair a highway, causeway, public way, street or bridge, under such circumstances and conditions as would have entitled the party to recover damages under Section 5856, or under Section 7345, either or both, if death had not ensued, then in every such case the right of action for such injury and death shall survive to and may be enforced by the personal representative of such person in the same manner as is now provided by the Code of Civil Procedure, for actions by administrators and executors, where death results from personal injuries; and the provisions of said Code shall be applicable to all such actions."

Section 7345 of the Code of 1932, has hereinbefore been set forth, and reference may be had thereto.

The pith of appellant's contention is that since the makers of the Act, now embraced in the Code as Section 5858 omitted from that Section the following, *"or by reason of defect or mismanagement of anything under control of the*

*corporation within the limits of any town or city,"* which is contained in Section 7345, that it was omitted intentionally and hence, the survival benefits of Section 5858 do not accrue to one claiming under the provisions of Section 7345, above quoted.

We cannot concur in this view. We think that the further language of Section 5858, to wit, "Whenever the death of a person shall be caused * * * under circumstances and conditions as would have entitled the party to recover damages under Section 5856, or under Section 7345, either or both, if death had not ensued, then in every such case the right of action for such injury and death shall survive * * *," manifests the intention of the Legislature to include all the conditions of Section 7345, and our conclusion is that the right of action in a case, properly brought under Section 7345, survives to those entitled to survive under that Section.

Let this opinion be substituted for the one heretofore filed.

The orders appealed from are affirmed.

MESSRS. JUSTICES CARTER, FISHBURNE and STUKES, concur.

MR. CHIEF JUSTICE BONHAM concurs in part and dissents in part.

MR. CHIEF JUSTICE BONHAM (dissenting in part) :

I am unable to concur in so much of this opinion as holds that the demurrer, as stated in Paragraph one thereof, was properly overruled. The enabling statute under which this action is brought is in derogation of sovereignty. Under the settled rule of this jurisdiction it must be strictly construed. The complaint alleges that Arthur Athanas came to his death by being struck and run over by a truck owned by the defendant and being operated by an agent and servant of the defendant, that the truck at the time was being used by the defendant for the purpose of repairing and maintaining the streets. The complaint further alleges, upon information and belief, that the injury and death of plain-

tiff's intestate was directly and proximately caused by the mismanagement and negligence of the defendant, its agents and servants, in the use of an instrumentality in the repair and maintenance of the streets in the following particulars: The driver of the truck was operating it without keeping a proper lookout; the driver of the truck was operating it at a reckless rate of speed, greater than was reasonable and proper under the circumstances, contrary to the laws of the State and in violation of Section 272, subsection 55, of the Code of Ordinances of the City of Spartanburg; that the truck was being driven so as to enter one street from another at a greater speed than is permitted by the ordinance of the city; that the truck was being operated at an unlawful rate of speed, contrary to law and to the provisions of Section 272, subsection 33 of the ordinances of the city; that the death of Arthur Athanas was not brought about by his own negligence, nor did he negligently contribute thereto; nor was it brought about by the negligence of the persons for whose benefit this action is brought, nor did they negligently contribute thereto.

At best this amounts to nothing more than the allegation that the truck was kept and used by defendant for the general purpose of repairing and maintaining its streets. Nowhere is it alleged, nor any facts stated to show, that any street was then in need of repairs and was being repaired by the truck. I think defendant was entitled to know what defect there was, if any existed in the street, and if it was then being repaired by the truck. Under the general allegations of the complaint, plaintiff may attempt to prove a defect in any street in the city and defendant would not be prepared to meet it.

The main opinion offers authority in support of its argument that the Code provides that pleadings must be liberally construed. That is true, generally. But it is the settled rule of this jurisdiction that all pleadings which rely upon a statute in derogation of the sovereignty of the State must be strictly construed.

I apprehend that if the loose pleading of this character is approved, municipalities may anticipate a deluge of damage suits.

For these reasons, I am constrained to dissent.