### 19562

William H. STROUD et al., Appellants, v. Elizabeth W. RIDDLE, Auditor, et al., Respondents

(194 S. E. (2d) 236)

*Messrs. McDonald, Cox and Stilwell,* of Greenville, *for Appellants,*

*Messrs. Edward P. Riley,* of Greenville, *Thomas A. Babb,* of Laurens, and *Roy McBee Smith,* Spartanburg, *for Respondents,*

January 31, 1973.

LITTLEJOHN, Justice:

This action was brought by the plaintiffs, who are residents and taxpayers of Greenville County, as representa-

tives of a class, against the Auditor, Treasurer and Tax Collector of Greenville County, and against the Auditor and Treasurer of Laurens County and against the Auditor and Treasurer of Spartanburg County in their official capacities as assessors and collectors of property taxes in their respective counties.

The complaint in substance alleges that most if not all of Greenville County, together with a portion of Laurens County and a portion of Spartanburg County form School District No. 520; that it is a separate political subdivision for educational and tax purposes; that while all taxable property within School District No. 520 has for educational purposes a uniform millage imposed thereon, the taxable property within said school district is not valued nor assessed on a uniform basis. It is further alleged that they themselves, and the real and personal property situated within the boundaries of the school district, are subject to taxation which is not uniform in that property of similar value is taxed unequally in the respective three counties, denying to plaintiffs equal protection of the law. It is further alleged that the plaintiffs are entitled to have all taxable property situated in the school district valued and assessed for tax purposes in a uniform manner, to the end that the burden of taxation be equal and uniform throughout the school district.

The prayer for relief in the complaint asks for an injunction restraining the defendants from continuing to value and assess the property within the school district, and from continuing to collect and disburse tax monies other than on a uniform basis.

To this complaint, the defendants filed identical demurrers on the following grounds:

· "1. The Complaint alleges conclusions only.

"2. The Complaint fails to state facts sufficient to constitute a cause of action."

To this complaint, the defendants filed identical demurrers holding that:

"The Complaint in this case alleges only conclusions of law and the truth of such conclusions alleged and inferences drawn by plaintiff therefrom are not admitted by the defendants and since the Court is limited to the pleadings in this case, namely, the Complaint and the Demurrers, it is my opinion that under the authorities of the Supreme Court of this State, the Demurrers should be sustained."

In support of the order, the lower court cited the case of *Costas v. Florence Printing Company*, 237 S. C. 655, 118 S. E. (2d) 696 (1961), and *Gainey v. Coker's Pedigreed Seed Co.*, 227 S. C. 200, 87 S. E. (2d) 486 (1955), for the proposition that a demurrer admits the facts well pleaded in the Complaint, but does not admit conclusions of law pleaded therein. Such has been the ruling of this Court on many occasions. The problem arises not in determining what is the rule of law, but in applying the rule to the allegations of the pleading. A litigant is not required to plead evidentiary matter and we have held that it is both unnecessary and improper to do so. Cases collected under 15 South Carolina Digest, Pleadings Key No. 11 (1952 Supp. 1972).

The principles set forth in the case of *Athanas v. City of Spartanburg*, 196 S. C. 19, 12 S. E. (2d) 39 (1940), are equally applicable here.

"A complaint attacked by demurrer must be liberally construed in plaintiff's favor. *Flowers v. Price*, 190 S. C. 392, 3 S. E. (2d) 38. Pleadings should be liberally construed with a view to substantial justice between the parties. *Hudson et al v. Felder*, 190 S. C. 387, 3 S. E. (2d) 40. Pleadings should be construed liberally as against the moving party. *Daniel v. Post*, 181 S. C. 468, 187 S. E. 915. Pleadings must be liberally construed in favor of the pleader. *Connor v. Williams*, 187 S. C. 119, 197 S. E. 211; *Mullikin v. Southern Bleachery & Print Works*, 184 S. C. 449,

192 S. E. 665. The allegations of a complaint are to be liberally construed in favor of the pleader. *Broadway v. Jeffers,* 185 S. C. 523, 194 S. E. 642, 114 A. L. R. 1244. Litigant is not required to plead evidentiary matter. *Connor v. Williams, supra; Salley v. Western Mut. Fire Insurance Co.,* 177 S. C. 168, 181 S. E. 74; *Cravens v. Lawrence,* 181 S. C. 165, 186 S E. 269, followed in *Sikes v. Lawrence,* 181 S. C. 235, 186 S. E. 926. (Note: The brief *syllabi* of the holdings of the cases just cited are taken from West's Digest.)"

The question before us is whether the allegation that properties of similar value within the school district are being taxed unequally, because of the different methods of assessing property in the respective counties, constitutes an allegation of fact or a conclusion of law. We conclude that it is an allegation of an ultimate fact and that the trial judge erred in holding it to be a conclusion of law. There are faint and often-disputed lines of distinction between ultimate facts, conclusions of law, and evidentiary facts which should not be allowed to defeat the ends of justice. Pleading  ultimate facts, as distinguished from evidentiary facts, oftentimes involves conclusions. At the same time, legal conclusions cannot be substituted for ultimate facts.

The ultimate facts required to be stated in a pleading are those which the evidence upon the trial will prove, and not the evidence which will be required to prove those facts. *Brown v. Hall,* 226 N. C. 732, 40 S. E. (2d) 412 (1946). Conclusions of law describe a legal status, condition, or legal offense. *State v. Stillwater County,* 104 Mont. 387, 66 P. (2d) 788 (1937).

If the complaint had simply alleged that the plaintiffs were being unequally taxed in violation of the due process and equal protection clauses of the State and Federal Constitutions, it would have been demurrable. Instead, the plaintiffs have said, in effect, in this school dis-

trict properties of equal value are being assessed and taxed differently.

We are of the opinion the complaint properly alleged ultimate facts.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.